[Cite as *State v. Jones*, 2011-Ohio-2914.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   95284

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## STANLEY JONES

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-529670

**BEFORE:**   E. Gallagher, J., Kilbane, A.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**   June 16, 2011

**ATTORNEY FOR APPELLANT**

Russell S. Bensing
1350 Standard Building
1370 Ontario Street
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:    Kevin R. Filiatraut
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


EILEEN A. GALLAGHER, J.:

{¶ 1}  Stanley Jones ("Jones") appeals from the trial court's decision denying his oral motion to vacate his guilty plea.  Jones argues the trial court erred when it failed to allow him to withdraw his guilty plea and, again, when it failed to appoint counsel to represent him at the hearing on his motion to withdraw a previously entered plea of guilty.  For the following reasons, we affirm the decision of the trial court.

{¶ 2}   On October 8, 2009, a Cuyahoga County Grand Jury returned a four-count indictment charging Jones with two counts of aggravated murder with both felony murder and one- and three-year firearm specifications, kidnapping with one- and three-year firearm specifications, and having weapons while under disability.  As this was a capital case, the trial court conducted extensive pretrial discovery and other proceedings.  On May 13, 2010, during a hearing on a defense motion to suppress, the state of Ohio, ("state") advised the court of a plea offer it made to Jones.  Specifically, the state offered to allow Jones to plead to one count of aggravated murder with the felony murder and one-year firearm specifications deleted, kidnapping with the one-year firearm specification deleted, and having a weapon while under disability.  In exchange, the state would also dismiss the second charge of aggravated murder.  Counsel for the defense indicated that he conveyed the plea offer to Jones and that if he expressed an interest in the plea, counsel would contact the state and the court.

{¶ 3}   On May 17, 2010, Jones's trial began.  The trial court summoned potential jurors, instructed them to complete jury questionnaires with voir dire to begin that afternoon.  The trial court's afternoon session began with an announcement from the state that Jones had accepted the State's previously offered plea.  Counsel for the defense agreed and thanked the

court for allowing Jones to discuss the plea offer with his brother earlier that afternoon in the courtroom.[1]

{¶ 4} The state modified its original plea offer in two ways: the state stipulated that the three-year firearm specifications on the aggravated murder and kidnapping counts would merge and the state would seek a lesser sentence if Jones provided the court with a full allocution of the facts and circumstances of his case. The court then engaged in a lengthy colloquy with Jones in which it asked, among other things, the following:

> "The Court: So, Mr. Jones, if you do plead guilty here this afternoon, is this something that you are doing of your own choice, after thoughtful consideration?
>
> "The Defendant: Yes, it is, your Honor.
>
> "The Court: Are you being forced or pressured to do this when you don't want to do it?
>
> "The Defendant: No.
>
> "The Court: And are you pleading guilty, if you do so, because indeed you committed these crimes?
>
> "The Defendant: Yes." Tr. 267.

The trial court accepted Jones' plea and found him to be guilty as outlined above and announced its intention to proceed with sentencing

---

[1] The trial court's docket reflects an entry by the court ordering the Cuyahoga County Sheriff to arrange for "an in court visitation in courtroom 18-D, between the defendant and his family members, Calvin Jones and James Gill."

later that same day.

{¶ 5} When the parties appeared for sentencing that afternoon, however, Jones indicated in open court that he wanted to withdraw his guilty pleas. The trial court briefly questioned Jones and set a hearing on Jones's motion for the following day. On May 18, 2010, the trial court conducted a hearing. The court swore Jones in as a witness and he explained that he pleaded guilty in response to pressure from his brother, and by his attorneys, to avoid the death penalty. Throughout the hearing, Jones repeatedly stated that the plea he entered was not the deal he wanted and that he desired to go to trial. The court posed the following question to the defendant, "what are your reasons to support your withdrawal of the plea?" to which Jones answered, "* * * I was getting pressured, telling me I was going to get the death penalty. That's the only reason * * *." The trial court also heard from defense counsel, who spoke only to correct the record, and from the state. The trial court recessed to consider the issue and resumed on the record that same afternoon. The trial court denied Jones's motion to withdraw his guilty plea, providing a detailed statement surrounding its reasons.

{¶ 6} The court proceeded directly to sentencing and imposed a sentence of life in prison with parole eligibility after thirty years on the aggravated murder charge, seven years in prison on the kidnapping charge,

and three years on the having weapons while under disability charge. The trial court ordered all prison terms to run concurrently, but consecutive to the three-year terms for the firearm specification for a total prison sentence of thirty-three years to life. Jones appeals, raising the two assignments of error contained in the appendix to this opinion.

{¶ 7} In his first assignment of error, Jones argues the trial court erred when it denied his motion to vacate his guilty plea.

{¶ 8} Crim.R. 32.1 governs withdrawals of guilty pleas, and it reads:

"A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶ 9} The Ohio Supreme Court has held the following regarding presentence motions to withdraw guilty pleas:

"Even though the general rule is that motions to withdraw guilty pleas before sentencing are to be freely allowed and treated with liberality, * * * still the decision thereon is within the sound discretion of the trial court. * * * Thus, unless it is shown that the trial court acted unjustly or unfairly, there is no abuse of discretion. * * * One who enters a guilty plea has no right to withdraw it. It is within the sound discretion of the trial court to determine what circumstances justify granting such a motion. * * *"

*State v. Xie* (1992), 62 Ohio St.3d 521, 584 N.E.2d 715, citing *Barker v. United States* (C.A. 10, 1978), 579 F.2d 1219.

{¶ 10} Accordingly, this court reviews a trial court's ruling on a

presentence motion to withdraw a guilty plea under an abuse of discretion standard. *Xie.* Absent an abuse of that discretion on the part of the trial court in making the ruling, its decision must be affirmed. Id. For us to find an abuse of discretion in this case, we must find more than an error of judgment. Id. We must find that the trial court's ruling was "unreasonable, arbitrary or unconscionable." *State v. Adams* (1980), 62 Ohio St.2d 151, 404 N.E.2d 144.

{¶ 11} In *State v. Benson*, Cuyahoga App. No. 83178, 2004-Ohio-1677, this Court summarized the following factors that weigh in favor of a court's overruling a defendant's presentence motion to withdraw a guilty plea: (1) Highly competent counsel representing the defendant; (2) The court having conducted a full Crim.R. 11 plea hearing; (3) The court held a full hearing on the motion to withdraw the plea; (4) The record reveals that the court gave full and fair consideration to the plea withdrawal request; (5) The motion was made in a reasonable time; (6) The motion stated specific reasons for withdrawal; (7) The record shows that the defendant understood the nature of the charges and possible penalties; and (8) The defendant had evidence of a plausible defense. See, also, *State v. Pannell*, Cuyahoga App. No. 89352, 2008-Ohio-956.

{¶ 12} The following is an analysis of the above eight factors to the

instant case.

{¶ 13} First, the two attorneys who represented Jones were court appointed and certified pursuant to Rule 20 of the Rules of Superintendence. The trial court, as well as the state, discussed at length the highly competent and qualified caliber of Jones's attorneys and also noted the vast number of times each attorney visited Jones while in the county jail. We hold that highly competent counsel represented the appellant.

{¶ 14} Second, on May 17, 2010, the court held a full Crim.R. 11 plea hearing. Jones claims no error with this hearing, and a review of the record shows that the court complied with Crim.R. 11.

{¶ 15} Third, on May 18, 2001, the court held a full hearing on the motion to withdraw Jones's guilty plea.

{¶ 16} As to the fourth factor, the record reveals that the court gave Jones's motion to withdraw full and fair consideration. The trial court conducted a full hearing during which it heard evidence from Jones as a sworn witness, evidence from the state, and evidence from Jones's attorney. Additionally, the trial court assisted Jones in the presentation of his motion. Accordingly, we find the fourth factor to be met by the evidence in the record.

{¶ 17} The fifth factor to consider in ruling on a motion to withdraw a guilty plea is whether the motion was made within a reasonable time. In the

present case, Jones orally moved to withdraw his plea mere hours after its acceptance by the court. Traditionally, the length of time between the plea and the withdrawal weighs more heavily in post-sentence motions to withdraw guilty pleas. See *State v. Novak* (Sept. 10, 1998), Cuyahoga App. No. 72849 (holding that "[t]he rationale for this rule is that a defendant should not be able to plead guilty and test the waters as to what the sentence would be and then bring that plea into doubt if the defendant is dissatisfied with the sentence.") In the instant case, we are reviewing a presentence motion to withdraw a guilty plea made hours after the plea was entered. We find Jones's motion was made within a reasonable time.

{¶ 18} A review of the sixth factor in this analysis shows that Jones stated repeatedly that he wanted to go to trial, that the plea was not the deal he wanted, that he decided to plead guilty after being pressured by his attorneys and family members to avoid the death penalty. Tr. 272, 273, 313. The trial court then quoted to the transcript of the plea colloquy in which the court asked Jones the following questions: whether any threats were made to get him to change his plea, to which he answered no; if he understood that was forfeiting his right to a jury trial by pleading guilty, to which he answered yes; and whether anyone forced or pressured Jones to plead guilty, again, to which Jones answered no. The trial court determined Jones's

reasons not credible in light of the other evidence.

{¶ 19} The seventh factor is whether Jones understood the nature of the charges and possible penalties. A review of twenty-five transcript pages from the plea hearing shows that the state and the trial court meticulously explained to Jones each term of the plea bargain.

{¶ 20} The eighth and final factor to consider in reviewing a motion to withdraw his plea is whether the movant presents a plausible defense. Jones presented no defense to the crimes during the trial court's hearing. Jones simply repeated his statements that he wanted to go to trial and that the plea deal was not what he wanted.

{¶ 21} In summary, this court reviewed the entire record and analyzed the evidence under the eight *Benson* factors. We conclude that Jones's decision to plead guilty and escape the death penalty was voluntarily, knowingly, and intelligently made. The trial court held a hearing allowing the parties to present evidence for consideration of Jones's motion to withdraw his plea, and we find that the court acted within its discretion when it denied his motion. Jones's first assignment of error is overruled.

{¶ 22} In his second assignment of error, Jones argues the trial court erred when it failed to appoint counsel to represent him during the hearing on his motion to withdraw a previously entered plea of guilt. In particular,

Jones argues that counsel effectively withdrew from representing him at the hearing and therefore, the trial court erred when it failed to sua sponte appoint new representation. This argument lacks merit.

{¶ 23} In his brief, Jones cites to no legal authority requiring a trial court to first, sua sponte make a determination that trial counsel effectively withdrew from representing an accused, and second, to appoint new counsel for that defendant. Such a requirement would place an undue and impossible burden on trial court judges. Moreover, although Jones's trial counsel did not argue Jones's motion for him, that was ordered at the behest of the trial court. Jones contended that he was coerced into making the plea, and the trial court correctly recognized that his trial counsel could not be expected to argue that they had participated in doing so. Furthermore, the trial court recognized that allowing Jones's counsel to testify might provide contradictory evidence, thereby weakening Jones's claim.

{¶ 24} Lastly, neither Jones, nor his counsel requested the court to assign new counsel to represent Jones on his motion to withdraw his guilty plea. The trial court, and his counsel, afforded Jones the opportunity to argue his motion in the same manner in which he made it, orally and pro se. Lastly, as outlined above, the trial court conducted a full and comprehensive hearing on Jones's motion to withdraw his guilty plea. We cannot now say

that the trial court erred when it failed to sua sponte appoint new counsel for Jones.

{¶ 25} Accordingly, Jones's second assignment of error is overruled.

{¶ 26} The judgment of the trial court is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

MARY EILEEN KILBANE, A.J., and
SEAN C. GALLAGHER, J., CONCUR

## Appendix

Assignments of Error:

"I. The trial court erred, to the prejudice of Defendant's right to Due Process under the 14th Amendment to the United States Constitution, in denying Defendant's Motion to Vacate his guilty plea."

"II. The trial court erred, to the prejudice of Defendant's right to the assistance of counsel under the 6th Amendment to the United States Constitution, in failing to appoint counsel for Defendant at the hearing on the Defendant's Motion to Vacate his guilty plea."