[Cite as *State v. Jones*, 2012-Ohio-696.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95284**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## STANLEY JONES

DEFENDANT-APPELLANT

## JUDGMENT:
## APPLICATION DENIED

Cuyahoga County Court of Common Pleas
Case No. CR-529670
Application for Reopening
Motion No. 447446

**RELEASE DATE:** February 22, 2012

**FOR APPELLANT**

Stanley Jones, pro se
Inmate No. 584-132
Mansfield Correctional Inst.
P. O. Box 788
Mansfield, OH 44901

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By:   Mark J. Mahoney
Assistant Prosecuting Attorney
The Justice Center, 8th Fl.
1200 Ontario Street
Cleveland, OH 44113

COLLEEN CONWAY COONEY, J.:

{¶ 1}   On September 6, 2011, the applicant, Stanley Jones, pursuant to App.R. 26(B) and *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992), applied to reopen this court's judgment in *State v. Jones*, 8th Dist. No. 95284, 2011-Ohio-2914, in which this court affirmed Jones's convictions for aggravated murder and kidnapping with three-year firearm specifications and having a weapon under disability.   Jones maintains that his appellate counsel should have argued that the trial court erred in requiring him to proceed pro se in presenting his oral motion to withdraw his guilty plea without securing a knowing, intelligent, and voluntary waiver of his right to counsel.   For the following reasons, this court denies the application.

{¶ 2}   Jones faced the death penalty on two counts of aggravated murder with felony murder specifications and one- and three-year firearm specifications, one count of kidnapping with one- and three-year firearms specifications, and one count of having a weapon under

disability. The state of Ohio offered a plea bargain: in exchange for Jones pleading guilty to the first count of aggravated murder with a three-year firearm specification, the kidnapping count with a three-year firearm specification, and the disability charge, it would nolle the felony murder specification on the first count, all one-year firearm specifications and the second count of aggravated murder. Thus, Jones would escape the death penalty, but would receive a life sentence.

{¶ 3} Jones accepted the plea agreement on the day of trial, and the trial court conducted a full Crim.R. 11 hearing in which Jones admitted that this was his own choice, that he was not being pressured, and that he was pleading guilty because he committed the crimes. Nevertheless, at the sentencing hearing later that day, Jones orally moved to withdraw his guilty plea. The trial judge conducted a full hearing on the motion the next day. After being sworn as a witness, Jones explained that he wanted to withdraw his guilty plea because he was pressured into it by his attorneys and his brother to avoid the death penalty and because he really did not want to plead guilty, but proceed to trial. That was what he always wanted to do. Jones presented his own case. His attorneys did speak, but only to clarify the record. The one attorney contradicted Jones by stating that after the plea hearing, they did not discuss withdrawing the plea. The state reviewed the evidence for Jones's guilt and argued that he should not be permitted to withdraw his plea. The trial court then denied the motion and proceeded to sentencing. Jones's counsel continued to represent him during the sentencing.

{¶ 4} On appeal, counsel argued that the trial judge erred in denying the motion to withdraw the guilty plea and by failing to appoint counsel for Jones at the hearing on the motion to withdraw. This court rejected both assignments of error and affirmed.

{¶ 5} Jones now claims that his appellate counsel was ineffective for not arguing that the trial court erred by requiring him to proceed pro se during the hearing on the motion to withdraw without securing a knowing, intelligent, and voluntary waiver of the right to counsel. Jones reasons that when he made his motion, the trial judge forced him to proceed pro se. In doing so, the judge did not follow well-established law that he must ensure that a defendant is making a knowing, voluntary, and intelligent waiver of the right to counsel. This would include a warning on the dangers of self-representation, an apprehension of the nature of the charges, the range of allowable punishments, and possible defenses. *Von Moltke v. Gillies*, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed.2d 309 (1948); *State v. Gibson*, 45 Ohio St.2d 366, 345 N.E.2d 399 (1976); and Crim.R. 44. Jones maintains that the judge's failure prejudiced him because he did not know that he could call witnesses, such as his brother, because he did not know the criteria for deciding a motion to withdraw, and because he did not know how to present his case. Jones concludes that the judge's failure "to protect appellant's Sixth Amendment right to counsel caused prejudice to appellant and entitles the court to reopen this direct appeal." (Pg. 9 of the Application.)

{¶ 6} In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), cert. denied, 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 768 (1990); *State v. Reed*, 74 Ohio St.3d 534, 1996-Ohio-21, 660 N.E.2d 456.

{¶ 7} In *Strickland,* the United States Supreme Court ruled that judicial scrutiny of an attorney's work must be highly deferential. The court noted that it is all too tempting for a

defendant to second-guess his lawyer after conviction and that it would be all too easy for a court, examining an unsuccessful defense in hindsight, to conclude that a particular act or omission was deficient. Therefore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland* at 2065.

{¶ 8} Specifically, in regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate advocate's prerogative to decide strategy and tactics by selecting what he thinks are the most promising arguments out of all possible contentions. The court noted: "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 3313, 77 L.Ed.2d 987 (1983). Indeed, including weaker arguments might lessen the impact of the stronger ones. Accordingly, the court ruled that judges should not second-guess reasonable professional judgments and impose on appellate counsel the duty to raise every "colorable" issue. Such rules would disserve the goal of vigorous and effective advocacy. The Ohio Supreme Court reaffirmed these principles in *State v. Allen*, 77 Ohio St.3d 172, 1996-Ohio-366, 672 N.E.2d 638.

{¶ 9} Moreover, even if a petitioner establishes that an error by his lawyer was professionally unreasonable under all the circumstances of the case, the petitioner must further establish prejudice: but for the unreasonable error there is a reasonable probability that the results of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. A court need not determine whether counsel's

performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies.

{¶ 10} In the present case, appellate counsel, after making a strong argument that the motion to withdraw should have been granted, chose to frame the issue regarding counsel during the hearing on the motion to withdraw the guilty plea in terms of appointment of counsel: the trial court should have appointed counsel for this particular hearing. After reviewing the authorities cited by Jones, this court will follow the admonition of the Supreme Court and not second-guess counsel's professional judgment in deciding strategy and tactics. The case law better supports the argument for the appointment of counsel. For example, in *State v. Meadows*, 6th Dist. L-05-1321, 2006-Ohio-2622, which both Jones and appellate counsel cited, the court of appeals stated: "We have held that a criminal defendant is entitled to appointed counsel to represent him at a hearing on a motion to withdraw a plea, where the motion was made *prior* to sentencing * * *." *Id.* at ¶11. *Meadows* relied on *State v. Dellinger*, 6th Dist. H-02-007, 2002-Ohio-4652, in which counsel raised and won the same arguments that appellate counsel raised in the instant case. Therefore, appellate counsel, in the exercise of professional judgment, could chose to argue appointment of counsel over knowing, voluntary, and intelligent waiver of counsel.

Accordingly, this court denies the application to reopen.

COLLEEN CONWAY COONEY, JUDGE
Melody J. Stewart, P.J., and Eileen A. Gallagher, J., Concur