[Cite as *State v. Hughes*, 2012-Ohio-706.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97311**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## KENNETH HUGHES

DEFENDANT-APPELLANT

**JUDGMENT:**
**AFFIRMED**

Criminal Appeal from the
Cuyahoga County Common Pleas Court
Case No. CR-398499

**BEFORE:** E. Gallagher, J., Cooney, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** February 23, 2012

**FOR APPELLANT**

Kenneth Hughes, pro se
Inmate #A406-858
Mansfield Correctional Institution
P.O. Box 788
Mansfield, Ohio    44901


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
By:    T. Allan Regas
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio    44113


EILEEN A. GALLAGHER, J.:

{¶1}     Appellant, Kenneth Hughes, appeals from the judgment of the Cuyahoga Court of Common Pleas denying his motion to withdraw his guilty plea.   For the following reasons, we affirm.

{¶2}     Appellant was indicted on November 8, 2000 and charged with two counts of aggravated murder pursuant to R.C. 2903.01, each including a mass murder specification and firearm specifications; attempted aggravated murder pursuant to R.C. 2923.02/2903.01 with firearm specifications; two counts of having a weapon while under disability pursuant to R.C. 2923.13 with two firearm specifications on Count 5 only; and two counts of carrying a concealed weapon pursuant to R.C. 2923.12.

{¶3}     On May 17, 2001, appellant waived his constitutional right to a jury trial, and in accordance with R.C. 2945.06, a three-judge panel of the Cuyahoga Court of Common Pleas was convened.   Appellant entered pleas of guilty to aggravated murder with a mass murder

specification and a three-year firearm specification as amended in Count 1 and aggravated murder with a mass murder specification as amended in Count 2. After hearing evidence, the panel found appellant guilty. The court then heard evidence with respect to mitigation and sentenced appellant, in accordance with his plea agreement, to a prison term of life without the possibility of parole for 30 full years, with three years on the firearm specification to run consecutively on Count 1 and life imprisonment without the possibility of parole for 30 years on Count 2. The sentences on each of Counts 1 and 2 to be served consecutively. At no time did the court not inform appellant that, pursuant to R.C. 2929.18(A)(3)(a), he could be fined up to $25,000 for each felony to which he pled guilty. However, the court did not impose any such fine.

{¶4} On January 16, 2003, appellant appealed his sentence to this court asserting, among other arguments, that his guilty plea was not knowingly, intelligently, and voluntarily entered. *State v. Hughes*, 8th Dist. No. 81019, 2003-Ohio-166, 2003 WL 125252, at ¶ 3 ("*Hughes I*"). This court affirmed the panel's sentence, determining that "based on the totality of the circumstances * * * the lower court succeeded in securing a knowing, intelligent, and voluntary plea." *Id*. at ¶ 23.

{¶5} On August 7, 2009, appellant filed a motion to withdraw his guilty plea as well as a motion to vacate and/or set aside his guilty plea, claiming that the trial court did not properly sentence him to postrelease control. The Cuyahoga County Court of Common Pleas denied each motion.

{¶6} On August 22, 2011, appellant filed a second motion to withdraw his guilty plea, pursuant to Crim.R. 32.1, which the trial court denied. Appellant brought the present appeal advancing the following sole assignment of error:

**{¶7}** "The trial court erred when it denied appellant's motion to vacate his guilty plea."

**{¶8}** In support of his assertion that the trial court erred by denying his Crim.R. 32.1 motion to withdraw his guilty plea, appellant claims that he did not knowingly, intelligently, or voluntarily enter his guilty plea because the trial court did not substantially comply with Crim. R. 11(C)(2)(a) during his plea hearing when it failed to inform him of the potential maximum fines associated with the counts to which he pled guilty. Appellant further argues that his counsel was ineffective during the hearing. Both of these arguments lack merit.

**{¶9}** Res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal. *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. "Ohio courts of appeals have applied res judicata to bar the assertion of claims in a motion to withdraw a guilty plea that were or could have been raised at trial or on appeal." *Id.*, citing *State v. McGee*, 8th Dist. No. 91638, 2009-Ohio-3374, 2009 WL 1965292, ¶ 9. This court has consistently recognized that the doctrine of res judicata bars all claims raised in a Crim.R. 32.1 motion that were raised, or could have been raised, in a prior proceeding, including a direct appeal. *State v. Grady*, 8th Dist. No. 96523, 2011-Ohio-5503, 2011 WL 5118455, ¶ 9. In *State v. Fountain*, 8th Dist. Nos. 92772 and 92874, 2010-Ohio-1202, 2010 WL 1110568, ¶ 9, this court held that "Indeed, the right to withdraw a plea is not absolute." *Fountain*. Furthermore, "the application of res judicata to a motion to withdraw is not impacted by a void sentence." *Fountain*. Thus, res judicata will apply when a defendant brings piecemeal claims in successive motions to withdraw a guilty plea that could have been raised on direct appeal. *See*, *e.g.*, *Fountain* at ¶ 10.

**{¶10}** In the case sub judice, on direct appeal of his sentence, appellant claimed that he did not knowingly, intelligently, or voluntarily enter into his guilty plea because the court failed to inform him of its statutory duties flowing from his guilty plea. *Hughes I*, 2003-Ohio-166, ¶ 17-19. After finding that the trial court substantially complied with the nonconstitutional requirements of Crim.R. 11(C)(2), this court denied appellant's claim, holding that, "the lower court succeeded in securing a knowing, intelligent, and voluntary plea." *Id.* at ¶ 18-23. Therefore, any claim involving facts that existed at the time of the decision regarding the trial court's failure to substantially comply with the requirements of Crim.R. 11(C)(2), such as its omission of a maximum possible fine, is barred by res judicata. This court has repeatedly held that claims concerning the effectiveness of counsel advanced after affirmance of a defendant's plea and sentence on direct appeal are also barred by res judicata for this same reason. *State v. Holmes*, 8th Dist. No. 96479, 2011-Ohio-5848, 2011 WL 5509199, ¶ 8-11. *See*, *e.g.*, *State v. Brown*, 8th Dist. No. 84322, 2004-Ohio-6421, 2004 WL 2756273, ¶ 8-12 ("[Defendant's] claims of ineffective assistance of counsel are based on evidence in the record, [which] should have been raised on direct appeal, and are barred by res judicata"). Appellant's assignment of error is overruled.

**{¶11}** Thus, for the foregoing reasons, the judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

It is ordered that a special mandate be sent to said lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

COLLEEN CONWAY COONEY, P.J., and KATHLEEN ANN KEOUGH, J., CONCUR