[Cite as *State v. Jones*, 2012-Ohio-4163.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97957**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# STANLEY JONES

DEFENDANT-APPELLANT

# JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-529670

**BEFORE:**   Cooney, J., Stewart, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**   September 13, 2012

**APPELLANT**

Stanley Jones, pro se
Inmate #584-132
Mansfield Correctional Institution
P.O. Box 788
Mansfield, Ohio 44901


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Mark J. Mahoney
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

COLLEEN CONWAY COONEY, J.:

{¶1}   Defendant-appellant, Stanley Jones ("Jones"), pro se, appeals the trial court's denial of his second motion to withdraw his guilty plea.   Finding no merit to the appeal, we affirm.

{¶2}   In October 2009, Jones was charged with two counts of aggravated murder, one count of kidnapping, and one count of having a weapon while under disability. Jones pled guilty to kidnapping, having a weapon while under disability, and one count of aggravated murder.   At sentencing, Jones moved to withdraw his plea.   A hearing was held, and the court denied his motion.   He was sentenced to 30 years to life in prison for aggravated murder, seven years for kidnapping, and three years for having a weapon under disability.   All three terms were ordered to run concurrently, but consecutively to an additional three-year term for the firearm specification.

{¶3}   Jones appealed, arguing that the court erred when it denied his motion to vacate his guilty plea.   *State v. Jones*, 8th Dist. No. 95284, 2011-Ohio-2914 ("*Jones I*").  After reviewing the record, this court affirmed the trial court's denial of his motion, finding that Jones's plea was entered voluntarily, knowingly, and intelligently.

{¶4}   In September 2011, Jones applied to this court to reopen the judgment in *Jones I*.   This court denied his application in *State v. Jones*, 8th Dist. No. 95284, 2012-Ohio-696 ("*Jones II*"), *appeal not accepted*, 132 Ohio St.3d 1424, 2012-Ohio-2729, 969 N.E.2d 271.

**{¶5}** In January 2012, Jones filed a second motion to withdraw his guilty plea, arguing that his plea was not knowingly made because he was denied his right to effective assistance of counsel. Jones and his mother attached affidavits in support of his claim. The court denied his motion.

**{¶6}** Jones now appeals, raising two assignments of error.

**{¶7}** In his first assignment of error, Jones argues that the trial court abused its discretion by denying his motion to withdraw his guilty plea. In his second assignment of error, he argues that the trial court abused its discretion in denying his motion to withdraw his guilty plea without first holding a hearing on the matter. These two assignments of error are interrelated and shall therefore, be addressed together.

**{¶8}** Jones's claims are barred by the doctrine of res judicata. In *State v. Hughes*, 8th Dist. No. 97311, 2012-Ohio-706, ¶ 9, this court stated the following:

> Res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal. *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. "Ohio courts of appeals have applied res judicata to bar the assertion of claims in a motion to withdraw a guilty plea that were or could have been raised at trial or on appeal." *Id.*, citing *State v. McGee*, 8th Dist. No. 91638, 2009-Ohio-3374, 2009 WL 1965292, ¶ 9. This court has consistently recognized that the doctrine of res judicata bars all claims raised in a Crim.R. 32.1 motion that were raised, or could have been raised, in a prior proceeding, including a direct appeal. *State v. Grady*, 8th Dist. No. 96523, 2011-Ohio-5503, 2011 WL 5118455, ¶ 9. In *State v. Fountain*, 8th Dist. Nos. 92772 and 92874, 2010-Ohio-1202, 2010 WL 1110568, ¶ 9, this court held that "Indeed, the right to withdraw a plea is not absolute." * * * Thus, res judicata will apply when a defendant brings piecemeal claims in successive motions to withdraw a guilty plea that could have been raised on direct appeal. *See, e.g.*, *Fountain* at ¶ 10.

{¶9} Jones raised the issue of the court's denial of his motion to withdraw his plea in his direct appeal. This court affirmed, finding that the trial court did not err in denying his motion. The issues he now raises regarding ineffective assistance of his trial counsel could have been raised on direct appeal. Thus, the doctrine of res judicata bars his raising again the issue regarding his guilty plea.

{¶10} Accordingly, both assignments of error are overruled.

{¶11} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
COLLEEN CONWAY COONEY, JUDGE

MELODY J. STEWART, P.J., and
SEAN C. GALLAGHER, J., CONCUR