[Cite as *State v. Hughes*, 2013-Ohio-1566.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No.   99165

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## KENNETH HUGHES

DEFENDANT-APPELLANT

### JUDGMENT:
### AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-398499

**BEFORE:**   Boyle, J., Stewart, A.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:**   April 18, 2013

**FOR APPELLANT**

Kenneth Hughes, pro se
Inmate No. A406-858
North Central Correctional Institution
P.O. Box 1812
Marion, Ohio   43302

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   T. Allan Regas
Assistant County Prosecutor
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, J.:

{¶1} Defendant-appellant, Kenneth Hughes, appeals the trial court's decision denying his "motion to correct void sentence." Finding no merit to this appeal, we affirm.

Procedural History and Facts

{¶2} In May 2001, Hughes pleaded guilty to two counts of aggravated murder, each including a mass murder specification and one including a firearm specification. The plea agreement included a sentence of life imprisonment with possibility of parole after 63 years. A three-judge panel ultimately determined the evidence established Hughes's guilt beyond a reasonable doubt and sentenced Hughes in accordance with his plea agreement. Hughes's convictions and sentence were affirmed on direct appeal. *State v. Hughes*, 8th Dist. No. 81019, 2003-Ohio-166, *appeal not allowed*, 99 Ohio St.3d 1436, 2003-Ohio-2902, 789 N.E.2d 1117. The federal district court subsequently denied Hughes's petition for habeas corpus. *Hughes v. Haviland*, N.D. Ohio No. 1:04CV593, 2007 U.S. Dist. LEXIS 102781 (Oct. 16, 2007).

{¶3} Hughes has filed several successive postconviction motions, including a successive motion to vacate or set aside his sentence, all of which were denied by the trial court and never appealed. He also filed motions to withdraw his guilty plea that were denied and unsuccessfully appealed. *See State v. Hughes*, 8th Dist. No. 97311, 2012-Ohio-706. The instant appeal arises from Hughes's filing of a motion to correct void sentence on September 19, 2012. The trial court denied the motion and this appeal

now follows.

## Void Sentence

{¶4} In his single assignment of error, Hughes argues that the trial court erred in denying his motion to correct void sentence because the trial court failed to comply with sentencing statutes with respect to the mandatory three years imposed on the firearm specification.

{¶5} A void sentence is one imposed by a court that lacks subject-matter jurisdiction or the authority to act. *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 27. As a general rule, sentencing errors are not jurisdictional except where a sentence is not in accordance with statutorily-mandated terms. *State v. McCall*, 7th Dist. No. 12MA57, 2012-Ohio-5604, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 8. Thus, a sentencing entry that fails to properly impose postrelease control where it is statutorily required has been labeled a void sentence to the extent of the failure. *Id*. at ¶ 26-27. Additionally, "imposing a sentence outside the statutory range, contrary to the statute, is outside a court's jurisdiction, thereby rendering the sentence void ab initio." *Payne* at fn. 3.

{¶6} Hughes first argues that "[h]aving been convicted of a firearm specification under R.C. 2941.145(A)," he "was only subject to a sentence of three years of actual incarceration, *not the sentence of three years incarceration* pronounced by the trial court." He contends that the trial court's imposition of three years on the firearm specification, without the specific reference to "actual incarceration" rendered his

sentence void. Hughes's argument appears to be based on the theory that, if the trial court had imposed "three years actual incarceration," he would have been entitled to a reduction of the sentence for good behavior. But this argument has no basis under the law. Nor does Hughes rely on any authority in support of his claim. *See* App.R. 16(A)(7) and 12(A)(2).[1] Contrary to Hughes's assertion, former R.C. 2929.14 that governed at the time of his offense, did not make this purported distinction between "actual incarceration" and "incarceration." Here, Hughes was subject to a mandatory three-year prison term for his conviction of the firearm specification under R.C. 2941.145, which the trial court properly imposed.

{¶7} Hughes next contends that the trial court's sentencing order failed to specify that the three years on the firearm specification must be served "not only consecutively but also prior to the terms of imprisonment imposed for the underlying felonies," and therefore his sentence is void. This argument, likewise, has no merit. Former R.C. 2929.14(E)(1) provided that Hughes shall serve the mandatory term on the firearm specification "consecutively to and prior to the prison term imposed for the underlying felony." Here, the trial court properly ordered that Hughes's firearm specification be served consecutive to the underlying felony offense. We find no basis to conclude that the trial court's silence as to ordering it to be served prior to the underlying felony renders the sentence void.

---

[1] Although Ohio's sentencing statutes recognized "actual incarceration" as a statutorily defined term *at one time* and allowed for "good time" credit, this distinction was eliminated after the passage of Am.Sub.S.B. No. 2 in 1996. *See* former R.C. 2929.01(C) — pre-S.B. 2.

**{¶8}** Lastly, Hughes argues that he has a "state created liberty interest in being subject to no sentence other than a mandatory * * * three years of actual incarceration." Having already found that the trial court properly imposed the mandatory three-year sentence on the firearm specification, we reject this argument as well.

**{¶9}** Hughes's sole assignment of error is overruled.

**{¶10}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, JUDGE

MELODY J. STEWART, A.J., and
MARY EILEEN KILBANE, J., CONCUR