[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Hughes v. Cuyahoga Cty.*, Slip Opinion No. 2017-Ohio-7780.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-7780

THE STATE EX REL. HUGHES, APPELLANT, *v.* CUYAHOGA COUNTY, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Hughes v. Cuyahoga Cty.,* Slip Opinion No. 2017-Ohio-7780.]**

*Mandamus—Claims barred by res judicata—Court of appeals' judgment dismissing petition for writ affirmed.*

(No. 2016-1514—Submitted June 6, 2017—Decided September 26, 2017.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 104478, 2016-Ohio-5936.

_____

**Per Curiam.**

{¶ 1} Appellant, Kenneth Hughes, appeals the denial of his petition for a writ of mandamus. We affirm.

{¶ 2} In November 2000, the Cuyahoga County Grand Jury issued a seven-count indictment against Hughes, containing two counts of aggravated murder (with specifications), one count of attempted aggravated murder, and four weapons-

related counts. On May 14, 2001, during jury selection, the state and Hughes reached a plea agreement. Hughes agreed to plead guilty to two counts of aggravated murder and some (but not all) of the attached specifications, and the state agreed to dismiss the remaining counts and specifications. The court accepted the plea and sentenced him to two 30-year prison terms plus 3 years on a firearm specification, all to be served consecutively.

{¶ 3} On March 6, 2015, Hughes filed in his criminal case a motion captioned "Motion to Revise/Correct Judgment Entry of Conviction and Sentence Pursuant to Crim.R. 32(C) With De Novo Resentencing Requested as though Sentencing Had Never Previously Occurred." In this motion, he presented six "Issues for Review." The trial court denied the motion on May 28, 2015.

{¶ 4} Hughes did not appeal. Instead, on May 16, 2016, he filed a petition for a writ of mandamus in the Eighth District Court of Appeals, arguing that the sentencing entry in his case was void and that he was entitled to a new sentencing hearing. The six "Issues for Review" presented in the mandamus petition were identical to the six claims asserted in his motion before the trial court.

{¶ 5} The claims asserted in the petition are barred by res judicata. Res judicata encompasses both claim preclusion and issue preclusion. *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381, 653 N.E.2d 226 (1995). A final judgment on the merits rendered by a court of competent jurisdiction is a complete bar to any subsequent action on the same claim between the same parties or those in privity with them. *Brooks v. Kelly*, 144 Ohio St.3d 322, 2015-Ohio-2805, 43 N.E.3d 385, ¶ 7. The claims asserted in this case and in the motion before the trial court are identical—word for word. And the parties in the two actions are the same.

{¶ 6} For this reason, the claims are barred by res judicata and we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

_____

Kenneth Hughes, pro se.

Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, for appellee.

_____