THE STATE EX REL. CULGAN, APPELLANT, *v.* MEDINA COUNTY
COURT OF COMMON PLEAS ET AL., APPELLEES.

[Cite as *State ex rel. Culgan v. Medina Cty. Court of Common
Pleas,* 119 Ohio St.3d 535, 2008-Ohio-4609.]

(No. 2007–2433—Submitted June 24, 2008—Decided September 18, 2008.)

### Per Curiam.

{¶ 1} This is an appeal from a judgment dismissing a petition for writs of
mandamus and/or procedendo to compel a common pleas court and its judge to
enter a judgment in a criminal case. Because the purported judgment did not
comply with Crim.R. 32(C) and thus did not constitute a final appealable order,
we reverse the judgment of the court of appeals and grant the writs.

### Sentencing Entry and Appeals

{¶ 2} In August 2002, after convicting appellant, Clifford J. Culgan, of one
count of corrupting another with drugs, two counts of unlawful sexual conduct
with a minor, and one count of attempted pandering of obscenity involving a
minor, Judge Christopher J. Collier of Medina County Court of Common Pleas
journalized a judgment entry sentencing Culgan to an aggregate prison term of
ten years. The entry does not set forth Culgan's plea or the verdict or court
findings upon which the convictions were based. The entry merely mentions that
Culgan "has been convicted" of the specified offenses and declares his sentence
for the convictions.

{¶ 3} Culgan appealed his convictions, and the Court of Appeals for Medina
County affirmed. *State v. Culgan,* Medina App. No. 02CA0073–M, 2003-Ohio-
2713, 2003 WL 21221966. We did not allow Culgan's further appeal. *State v.
Culgan,* 100 Ohio St.3d 1470, 2003-Ohio-5772, 798 N.E.2d 406.

### Common Pleas Court Motion

{¶ 4} Four years later, Culgan filed a motion in the common pleas court to be
resentenced so that Judge Collier could issue a judgment that complied with
Crim.R. 32(C) by including his plea, the verdict or findings, and the sentence.
Judge Collier denied the motion.

## Mandamus and Procedendo Case

{¶ 5} Culgan then filed a complaint for writs of mandamus and/or procedendo in the Court of Appeals for Medina County to compel appellees, Judge Collier and the common pleas court, to enter a judgment complying with Crim.R. 32(C). Appellees filed a motion to dismiss or, in the alternative, a motion for summary judgment. The court of appeals dismissed the petition sua sponte.

{¶ 6} This cause is now before the court upon Culgan's appeal.

## Mandamus and Procedendo to Compel Compliance with Crim.R. 32(C)

{¶ 7} Culgan asserts that the court of appeals erred in sua sponte dismissing his complaint for writs of mandamus and procedendo. "A court may dismiss a complaint sua sponte and without notice when the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint." *State ex rel. Brooks v. O'Malley,* 117 Ohio St.3d 385, 2008-Ohio-1118, 884 N.E.2d 42, ¶ 5.

{¶ 8} "[P]rocedendo and mandamus will lie when a trial court has refused to render, or unduly delayed rendering, a judgment." *State ex rel. Reynolds v. Basinger,* 99 Ohio St.3d 303, 2003-Ohio-3631, 791 N.E.2d 459, ¶ 5. Sup.R. 7(A) provides that "[t]he judgment entry specified * * * in Criminal Rule 32 shall be filed and journalized within thirty days of the * * * decision. If the entry is not prepared and presented by counsel, it shall be prepared and filed by the court." " '*If the trial court refuses upon request or motion to journalize its decision, either party may compel the court to act by filing a writ of mandamus or a writ of procedendo*' " because "[a]bsent journalization of the judgment, [a party] cannot appeal it." (Emphasis sic.) *State ex rel. Grove v. Nadel* (1998), 81 Ohio St.3d 325, 327, 691 N.E.2d 275, quoting *Kennedy v. Cleveland* (1984), 16 Ohio App.3d 399, 401–402, 16 OBR 469, 476 N.E.2d 683; *Cleveland v. Trzebuckowski* (1999), 85 Ohio St.3d 524, 527, 709 N.E.2d 1148.

{¶ 9} Therefore, if Culgan is correct that appellees' sentencing entry violated Crim.R. 32(C), which would render the entry nonappealable, his claims for writs of mandamus and procedendo would have merit, and the court of appeals erred in sua sponte dismissing his complaint.

{¶ 10} In *State v. Baker,* 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, syllabus, we held that Crim.R. 32(C) requires that a judgment of conviction set forth the following to be a final appealable order: "(1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court." Appellees' sentencing entry did not constitute a final appealable order because it did not contain a guilty plea, a jury verdict, or the finding of the court upon which Culgan's convictions were based. Culgan is entitled to a sentencing entry that complies with Crim.R. 32(C).

{¶ 11} Based on the foregoing, the court of appeals erred in dismissing Culgan's complaint. We reverse the judgment of the court of appeals and grant the writs of mandamus and procedendo to compel appellees to issue a sentencing entry that complies with Crim.R. 32(C) and constitutes a final appealable order.

Judgment reversed<br>and writs granted.

MOYER, C.J., and PFEIFER, O'CONNOR, LANZINGER, and CUPP, JJ., concur.

LUNDBERG STRATTON and O'DONNELL, JJ., dissent.

---

**O'DONNELL, J., dissenting.**

{¶ 12} Respectfully, I dissent.

{¶ 13} Crim.R. 32(C) provides, "A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence."

{¶ 14} Here, Culgan seeks writs of mandamus and/or procedendo to compel the trial court to resentence him, asserting that the judgment entry signed by the court makes no mention of his plea or the manner in which the conviction occurred and is therefore not a final appealable order.

{¶ 15} The facts of this case, however, belie Culgan's claims. Not only did Culgan appeal from the court's sentencing entry, but in that appeal, he presented only two assignments of error: (1) error in imposing consecutive sentences and (2) error in finding him to be a sexual predator. *State v. Culgan*, Medina App. No. 02CA0073–M, 2003-Ohio-2713, 2003 WL 21221966, ¶ 5, 15. In that appeal, Culgan never raised the issue of a final appealable order, and unlike the appellant in *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, ¶ 3, he was not deprived of the opportunity to appeal his conviction. Moreover, in rejecting his appeal, the appellate court noted that Culgan had pleaded guilty to the counts for which he was convicted. *Culgan*, 2003-Ohio-2713, 2003 WL 21221966, ¶ 3.

{¶ 16} In order to obtain an extraordinary writ, Culgan must demonstrate that he has no adequate remedy at law. *State ex rel. Weaver v. Adult Parole Auth.*, 116 Ohio St.3d 340, 2007-Ohio-6435, 879 N.E.2d 191, ¶ 8. He patently fails in this regard because the discussion of the appellate court reveals that he has been afforded this relief. Mandamus will not issue to compel a vain act. *State ex rel. Moore v. Malone*, 96 Ohio St.3d 417, 2002-Ohio-4821, 775 N.E.2d 812, ¶ 38. Accordingly, neither mandamus nor procedendo is a proper form of relief in this instance.

{¶ 17} The trial court entry as contained in the record before us reveals Culgan's convictions for corrupting another with drugs, two counts of unlawful sexual conduct with a minor, and attempted pandering obscenity involving a

minor. Requiring the trial court to resentence Culgan to achieve literal compliance with Crim.R. 32(C) elevates form over substance.

{¶ 18} Thus, I do not believe that Culgan's position is well taken, and I would deny the writs.

LUNDBERG STRATTON, J., concurs in the foregoing opinion.

_____

Clifford J. Culgan, pro se.

Dean Holman, Medina County Prosecuting Attorney, and Russell A. Hopkins, Assistant Prosecuting Attorney, for appellees.