DECISION AND JUDGMENT
{¶ 1} This case is before the court sua sponte. It has come to the court's attention that the trial court's judgment of conviction, journalized on December 22, 2008, does not comply with Crim. R. 32(C) and is not a final appealable order. In State v. Baker, 119 Ohio St.3d 197,2008-Ohio-3330, the court states: *Page 2 
 {¶ 2} "A judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court. (Crim. R. 32(C), explained.)"
 {¶ 3} The court in Baker further holds that "only one document can constitute a final appealable order." Id. at ¶ 15. Therefore, the finding of guilt or the guilty plea must be in the same document as the sentence.
 {¶ 4} In addition, in State ex rel. Culgan v. Medina Cty. Court ofCommon Pleas, 119 Ohio St.3d 535, 2008-Ohio-4609, the court clarified the Baker case and held that a judgment of conviction that "merely mentions that [the defendant] `has been convicted' of the specified offense and declares his sentence for the convictions" violates Crim. R. 32(C). Id. at ¶ 2. The judgment of conviction must contain the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based in addition to the sentence and the judge's signature. In other words, the conviction must state either that the defendant pleaded guilty or was found guilty by either the jury or the court.
 {¶ 5} In the instant case, the December 22, 2008 judgment sets forth defendant's sentence, is signed by the judge and has been entered on the journal by the clerk. However it does not state either that defendant pleaded guilty or that he was found guilty by the judge or a jury, it merely states: *Page 3 
 {¶ 6} "The Court finds that defendant has been convicted of Burglary * * *." (Emphasis added.)
 {¶ 7} Thus, pursuant to the Supreme Court of Ohio's recent pronouncements, the December 22, 2008 judgment does not comply with Crim. R. 32(C).
 {¶ 8} Finding that there is no final appealable order from which an appeal may be taken, we remand this case to the trial court for a period of 20 days to issue a revised sentencing entry that specifically states one of the following: (1) the defendant pleaded guilty, (2) the defendant was found guilty by the court, or (3) the defendant was found guilty by a jury. The clerk of the Lucas County Court of Common Pleas shall notify this court when the judge issues a revised sentencing entry and it has been entered on the court's journal. It is so ordered.
 CASE REMANDED. *Page 4 
Peter M. Handwork, J., Arlene Singer, J., and William J. Skow, P.J. CONCUR. *Page 1