[Cite as *State v. Brockmeier*, 2013-Ohio-687.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 12CA20 |
| | : | |
| vs. | : | |
| | : | DECISION AND JUDGMENT |
| SHERRI BROCKMEIER, | : | ENTRY |
| | : | |
| Defendant-Appellant. | : | **Released: 02/15/13** |

_____
APPEARANCES:

Dennis L. Sipe, Buell & Sipe Co., L.P.A., Marietta, Ohio, for Appellant.

James E. Schneider, Washington County Prosecuting Attorney, and Amy Graham, Assistant Prosecuting Attorney, Marietta, Ohio, for Appellee.

_____

McFarland, P.J.

This is an appeal from a Marietta Municipal Court judgment entry, denying Appellant, Sherri Brockmeier's motion to seal her record of convictions, which consisted of eight counts of theft in violation of R.C. 2913.02, and which occurred while she was employed as a caregiver of the theft victim. On appeal, Appellant raises a single assignment of error, contending that the trial court erred when it overruled her application for expungement. However, because our review of the record indicates that the trial court's May 31, 2006, entry was not a final, appealable order, we are

without jurisdiction to consider this matter and therefore must dismiss the appeal.

FACTS

As noted by the trial court in its opinion and decision denying Appellant's application for expungement, Appellant pled guilty to eight counts of theft in violation of R.C. 2913.02, on May 31, 2006. A review of the record indicates that these convictions stemmed from Appellant's employment as a caregiver, in which capacity Appellant obtained the victim's checking account number and over a period from August 20, 2004, to November 12, 2004, used the card to facilitate eight theft offenses. Each of these counts was charged by separate municipal court complaints, numbered as follows: 06 CRB 726, 06 CRB 727, 06 CRB 728, 06 CRB 729, 06 CRB 743, 06 CRB 744, 06 CRB 745, and 06 CRB 746.

The record before us contains eight different journal entries dated May 31, 2006, which were each signed by the judge and file stamped in the Marietta Municipal Court. A list of all eight cases is included in the case caption on each journal entry, and the pertinent case number is checked on each journal entry to indicate which of the eight cases the journal entry corresponds with. Further, each entry states as follows: "Upon the Defendant's plea of guilty to the above-mentioned cases, the Court finds the

Defendant guilty and sentences her as follows[.]"   Each entry goes on to include Appellant's sentence for that particular case.  Nowhere in any of these eight journal entries does it indicate the name of the crime, the code section, or the degree of offense Appellant had plead guilty to.  Further, the record before us does not contain any written plea forms.

The record before us also contains blue forms entitled "Judgment Entry With Probation Terms and Acceptance" for each of the eight cases. These forms each state that "Defendant appeared in open Court with counsel and/or waived counsel and filed a waiver or withdrawal of Jury Demand in writing; and plead no contest (guilty), and was found guilty of violating ORC 2913.02."    These forms also go on to set forth the respective sentence for each case number, and while they contain the judge's signature, none of them were journalized.

Appellant did not file direct appeals of any of these underlying convictions; however, on October 3, 2011, Appellant filed, in each of the eight cases, applications to seal the record of her convictions pursuant to R.C. 2953.32 (A).  On April 10, 2012, the trial court issued an opinion and decision denying Appellant's applications based upon it's determination that Appellant did not qualify as a first time offender.  It is from this opinion and

decision that Appellant now brings her appeal, setting forth a single

assignment of error for our review.

ASSIGNMENT OF ERROR

"I.     THE TRIAL COURT ERRED WHEN IT OVERRULED
        APPELLANT'S APPLICATION FOR EXPUNGEMENT."

LEGAL ANALYSIS

Before reaching the merits of the assignment of error raised by

Appellant, we must first address, sua sponte, a threshold jurisdictional issue

related to whether the May 31, 2006, journal entries for Appellant's

underlying convictions constitute final, appealable orders. "A judgment of

conviction is a final order subject to appeal under R.C. 2505.02 when it sets

forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature,

and (4) the time stamp indicating the entry upon the journal by the clerk."

*State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142,

paragraph one of the syllabus. While the May 31, 2006, entries contain the

sentence, the judge's signature, and the time stamp indicating the entry upon

the journal by the clerk, the fact of conviction is in question on each.

Although the journal entries for each case indicate that Appellant had plead

guilty, and was being found guilty and sentenced on each of the respective

cases, the journal entries themselves do not indicate the names of the crimes

Appellant plead guilty to, nor do they contain a code section or degree of

offense.  In order for us to determine what Appellant plead guilty to in each case, we must look back to each complaint to determine the charged offense, or must look to the "Judgment Entry With Probation Terms and Acceptance," which specified the code section, but failed to be journalized. Essentially, in order to determine what Appellant plead to in each underlying case, we must construe the journal entry and the judgment entry together.

We cannot combine two documents to create a final, appealable order. This is so because "[t]he Supreme Court of Ohio has held in a noncapital criminal case that '[o]nly one document can constitute a final appealable order.' "  *City of Logan v. Conkey*, 4th Dist. No. 11CA34, 2012-Ohio-4687, ¶ 6; quoting *State v. Thompson*, 4th Dist. No. 10CA3177, 2011-Ohio-1564, ¶ 11; quoting *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, ¶ 17.  As such, the trial court's May 31, 2006, entries do not satisfy the requirements for a final, appealable order.

Consequently, because the journal entries related to Appellant's underlying convictions are not final, appealable orders, we conclude that we lack jurisdiction to consider the present appeal. *State ex rel. Staffrey v. D'Polito, Judge*, 7th Dist. No. 10 MA 59, 2010-Ohio-2529, ¶ 11 (applying the *Baker* holding retroactively, and relying on *State ex rel. Culgan v. Medina Cty. Common Pleas Court*, 119 Ohio St.3d 535, 2008-Ohio-4609,

895 N.E.2d 805, ¶ 2-3, 10-11, for the proposition that "a *Baker* violation can

be argued even by a defendant who had previously appealed.").[1]

Accordingly, based upon the foregoing, we must dismiss the appeal.

**APPEAL DISMISSED.**

---

[1] Appellant herein was convicted and sentenced in 2006, prior to the release of both *State v. Baker* and *State v. Lester*, supra. However, in *State ex rel. Culgan*, supra, the Supreme Court of Ohio held in 2008 that a defendant who was sentenced in 2002, well before the release of *Baker*, was entitled to a sentencing entry that complies with Crim.R. 32(C) and thus granted the request for a writ of mandamus and procedendo compelling the trial court to issue a sentencing entry that complied "with Crim.R. 32(C) and constitutes a final appealable order." *State ex rel. Culgan* at ¶ 10-11.

## **JUDGMENT ENTRY**

It is ordered that the APPEAL BE DISMISSED. Costs herein are assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Marietta Municipal Court to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Harsha, J & Abele, J.: Concur in Judgment and Opinion.


                                        For the Court,


                                        BY:    _____
                                               Matthew W. McFarland
                                               Presiding Judge



### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**