[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Daniels v. Russo,* Slip Opinion No. 2018-Ohio-5194.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-5194

THE STATE EX REL. DANIELS, APPELLANT, *v.* RUSSO, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Daniels v. Russo,* Slip Opinion No. 2018-Ohio-5194.]

*Mandamus and procedendo—Trial court's entry denying appellant's motion for new sentencing entry was appealable under R.C. 2505.02(B)(1)—Appellant had adequate remedy in ordinary course of law in form of direct appeal from the entry—Court of appeals' judgment denying petition affirmed.*

(No. 2017-0028—Submitted November 21, 2017—Decided December 26, 2018.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 104502, 2016-Ohio-8060.

_____

**Per Curiam.**

{¶ 1} Appellant, Dexter J. Daniels, appeals the judgment of the Eighth District Court of Appeals denying the petition for writs of mandamus and/or

procedendo that he filed against appellee, Cuyahoga County Court of Common Pleas Judge John J. Russo. We affirm the court of appeals' judgment.

**Background**

{¶ 2} In April 1989, Daniels was indicted on multiple counts of aggravated murder with capital specifications, among other crimes. He entered into a plea agreement in which he agreed to plead guilty to two counts of aggravated murder with felony-murder specifications and two counts of aggravated burglary with felony-murder specifications. In exchange, the state agreed to dismiss the remaining counts and not pursue the death penalty.

{¶ 3} Three documents in the record are at issue in this appeal. The first is the trial court's entry memorializing Daniels's guilty pleas and its entry of a nolle prosequi as to the remaining counts. The second is the court's sentencing entry. And the third is a "Certified Copy of Sentence."

{¶ 4} On March 30, 2016, Daniels filed a motion in the trial court for a final, appealable order, arguing that the sentencing entry in his case violated Crim.R. 32 and the "one document" rule enunciated in *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163. Judge Russo denied the motion in April 2016, finding that Daniels's "conviction became a final order at the time the conviction and sentencing JE's [judgment entries] were journalized."

{¶ 5} On May 20, 2016, Daniels filed an original action in the Eighth District Court of Appeals seeking writs of mandamus and/or procedendo. Here again, his primary claim was based on the alleged absence of a final, appealable order under Crim.R. 32 and *Baker*. (Alternatively, he asserted that his sentencing entry was not final because it did not include the weighing of aggravating and mitigating circumstances as required by R.C. 2929.03(F) and that he was never informed of his appellate rights at sentencing, but his merit brief in this appeal does not discuss those issues.) Daniels and Judge Russo filed cross-motions for summary judgment.

**{¶ 6}** On December 7, 2016, the court of appeals granted summary judgment in favor of Judge Russo and denied the writs. Daniels timely appealed.

**Legal analysis**

**{¶ 7}** To be entitled to a writ of mandamus or procedendo, Daniels must establish that (1) he has a clear legal right to the relief requested, (2) Judge Russo is under a clear legal duty to perform the requested acts, and (3) Daniels has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Rankin v. Adult Parole Auth.*, 98 Ohio St.3d 476, 2003-Ohio-2061, 786 N.E.2d 1286, ¶ 6; *State ex rel. Yeaples v. Gall*, 141 Ohio St.3d 234, 2014-Ohio-4724, 23 N.E.3d 1077, ¶ 20.

**{¶ 8}** The court of appeals denied the writs, holding that Daniels's sentencing entry satisfied the final-appealable-order requirements that existed at the time of his sentencing in 1989. The court rejected Daniels's argument that the one-document rule announced in *Baker* should apply retroactively, citing *State v. Griffin*, 138 Ohio St.3d 108, 2013-Ohio-5481, 4 N.E.3d 989, ¶ 49, for the proposition that "res judicata bars litigation of this issue where the court issued a final, appealable order pursuant to the law that existed at that time." 2016-Ohio-8060, ¶ 7. In our view, however, the questions whether Daniels's sentencing entry was final and appealable under the law as it existed in 1989 and whether *Baker* applies retroactively need not be reached.

**{¶ 9}** Daniels is not entitled to a writ of mandamus or procedendo because he had an adequate remedy in the ordinary course of the law in the form of a direct appeal from Judge Russo's April 2016 entry denying Daniels's motion for a new sentencing entry. The question whether the denial of a motion for a revised sentencing entry is appealable depends on whether the denial is a "final order." "The final-order requirement comes from the Ohio Constitution, which provides that courts of appeals 'shall have such jurisdiction as may be provided by law' to review 'final orders' rendered by inferior courts." *In re D.H.*, 152 Ohio St.3d 310,

2018-Ohio-17, 95 N.E.3d 389, ¶ 5, quoting Ohio Constitution, Article IV, Section 3(B)(2).

**{¶ 10}** Jurisdiction is "provided by law" primarily through two statutes. *Id*. R.C. 2501.02 provides that courts of appeals have jurisdiction "upon an appeal upon questions of law to review, affirm, modify, set aside, or reverse judgments or final orders of courts of record inferior to the court of appeals within the district." And R.C. 2505.02 identifies seven types of final orders, including an order that "affects a substantial right in an action that in effect determines the action and prevents a judgment," R.C. 2505.02(B)(1).

**{¶ 11}** A "substantial right" is a right "that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). We conclude that Daniels has a substantial right to a judgment of conviction that satisfies the requirements of Crim.R. 32; we further conclude that Judge Russo's denial of Daniels's motion for a new sentencing entry affected that substantial right. If we were to conclude otherwise, then Daniels would have no ability to challenge his convictions, either on appeal or by seeking a writ of mandamus or procedendo (which requires the relator to demonstrate a clear legal right to the relief requested).

**{¶ 12}** It is also clear to us that Judge Russo's denial of Daniels's motion for a new sentencing entry "in effect determine[d] the action and prevent[ed] a judgment." As we recently observed, the question under R.C. 2505.02(B)(1) is whether the "entire" action has been determined. *In re D.H.*, 152 Ohio St.3d 310, 2018-Ohio-17, 95 N.E.3d 389, at ¶ 14. At the time Judge Russo denied Daniels's motion for a new sentencing entry, all questions of guilt, innocence, and sentencing in the case had already been resolved, and Judge Russo's entry disposed of the only issue that remained for the trial court to resolve. Therefore, because Daniels could have appealed the denial of his motion, he cannot satisfy the elements necessary for relief in mandamus or procedendo.

{¶ 13} Our decision today is inconsistent with *State ex rel. Culgan v. Medina Cty. Court of Common Pleas*, 119 Ohio St.3d 535, 2008-Ohio-4609, 895 N.E.2d 805, in which we granted writs of mandamus and procedendo requested by a criminal defendant to compel a trial court to issue a revised sentencing entry that complied with Crim.R. 32(C). In *Culgan*, we mistakenly focused on the finality of the underlying judgment of conviction and we failed to consider the finality of the entry denying the motion for a new sentencing entry; our decision in that case should no longer be relied on as authority for the proposition that in such circumstances, a criminal defendant has a remedy in mandamus or procedendo.

{¶ 14} Based on the foregoing, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, FRENCH, FISCHER, and KLATT, JJ., concur.

KENNEDY, J., concurs in judgment only, with an opinion joined by DEWINE, J.

WILLIAM A. KLATT, J., of the Tenth District Court of Appeals, sitting for DEGENARO, J.

_____

**KENNEDY, J., concurring in judgment only.**

{¶ 15} Because appellant, Dexter J. Daniels, had an adequate remedy in the ordinary course of the law to obtain the relief he seeks in this mandamus and procedendo action, and because his claim is barred by res judicata, I concur only in the court's judgment affirming the Eighth District Court of Appeals' judgment denying the requested writs.

**Facts and Procedural History**

{¶ 16} In August 1989, Daniels pleaded guilty to two counts each of aggravated murder and aggravated burglary, all carrying felony-murder

specifications, and a three-judge panel of the trial court imposed an aggregate sentence of life in prison with the possibility of parole in 50 years.

{¶ 17} In March 2016, Daniels moved the trial court for a final, appealable order, arguing among other things that the sentencing entry in his case violated Crim.R. 32 and the "one document" rule articulated by *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, because the entry did not document the "*fact of conviction*" (emphasis sic). Appellee, Cuyahoga County Court of Common Pleas Judge John J. Russo, denied the motion on April 19, 2016, finding that Daniels's "conviction became a final order at the time the conviction and sentencing [judgment entries] were journalized."

{¶ 18} Daniels did not appeal. Rather, he filed an original action in the Eighth District Court of Appeals on May 20, 2016, seeking writs of mandamus and/or procedendo and maintaining that his judgment of conviction failed to comply with Crim.R. 32, so that he had never received a final, appealable order. The court of appeals granted summary judgment in favor of Judge Russo and denied the writs, holding that Daniels's sentencing entry satisfied the final-appealable-order requirements that existed at the time of his sentencing in 1989. 2016-Ohio-8060, ¶ 7.

{¶ 19} Daniels appealed to this court as of right.

### Law and Analysis

{¶ 20} A party seeking a writ of mandamus bears the burden to establish a clear legal right to the relief requested, a clear legal duty on the part of the respondent to provide it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Bradford v. Dinkelacker*, 146 Ohio St.3d 219, 2016-Ohio-2916, 54 N.E.3d 1216, ¶ 5. And a party seeking a writ of procedendo must show a clear legal right to require the court to proceed to judgment, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary

course of the law. *State ex rel. Poulton v. Cottrill*, 147 Ohio St.3d 402, 2016-Ohio-5789, 66 N.E.3d 716, ¶ 2.

{¶ 21} Here, Daniels cannot prove entitlement to either writ because the record demonstrates that he had an adequate remedy by way of an appeal from the denial of his motion for a final, appealable order. *State ex rel. Bevins v. Cooper*, 150 Ohio St.3d 22, 2016-Ohio-5578, 78 N.E.3d 828, ¶ 5 ("Bevins could have appealed Judge Cooper's denial of his motion for a final, appealable order, and thus he had available an adequate remedy in the ordinary course of the law"); *State ex rel. Peoples v. Johnson*, 152 Ohio St.3d 418, 2017-Ohio-9140, 97 N.E.3d 426, ¶ 12 (petitioner exercised an adequate remedy precluding extraordinary relief in mandamus by filing a motion asserting the lack of a final order and appealing from the denial of that motion). "An appeal is generally considered an adequate remedy in the ordinary course of law sufficient to preclude a writ." *Shoop v. State*, 144 Ohio St.3d 374, 2015-Ohio-2068, 43 N.E.3d 432, ¶ 8.

{¶ 22} Our contrary decision in *State ex rel. Culgan v. Medina Cty. Court of Common Pleas*, 119 Ohio St.3d 535, 2008-Ohio-4609, 895 N.E.2d 805, is not good law. First, its holding that "[Culgan's] sentencing entry did not constitute a final appealable order because it did not contain a guilty plea, a jury verdict, or the finding of the court upon which Culgan's convictions were based," *id*. at ¶ 10, has been overruled by *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶ 12, which held that the omission of "manner of conviction" language "does not prevent the judgment of conviction from being an order that is final and subject to appeal."

{¶ 23} Second, to the extent that *Culgan* indicated that a writ of mandamus or procedendo is available to review a trial court's denial of a motion for a final, appealable order, it failed to recognize the distinction between a trial court's refusal to rule on a motion for a final, appealable order and its denial of such a motion. As the decisions cited in *Culgan* clarify, when no entry has been journalized, there is

nothing that can be appealed and there is no adequate remedy at law that would preclude an extraordinary writ. *See State ex rel. Grove v. Nadel*, 81 Ohio St.3d 325, 326-327, 691 N.E.2d 275 (1998) (writ of procedendo available when the trial court refused to journalize its decision denying a motion for a transcript); *Cleveland v. Trzebuckowski*, 85 Ohio St.3d 524, 527, 709 N.E.2d 1148 (1999) (writs of mandamus and procedendo available when the trial court has failed to journalize its decision).

{¶ 24} In contrast, when the petitioner has moved for a final, appealable order and the trial court has determined that a final, appealable order has already been entered and denies the motion, an appeal is an adequate remedy—the court of appeals can review the trial court's decision on direct appeal and determine whether a final, appealable order has been entered in the first instance. There is no difference between the relief that would be available on an appeal as of right and in an action for an extraordinary writ in these circumstances, and it is well established that neither mandamus nor procedendo is a substitute for an appeal. *See State ex rel. Richfield v. Laria*, 138 Ohio St.3d 168, 2014-Ohio-243, 4 N.E.3d 1040, ¶ 11; *State ex rel. West v. Price*, 62 Ohio St.2d 143, 144, 404 N.E.2d 139 (1980); *State ex rel. Wilson v. Lawrence Cty. Court of Common Pleas*, 146 Ohio St. 4, 5, 63 N.E.2d 438 (1945).

{¶ 25} Lastly, even if it were true that the trial court never entered a final, appealable order in Daniels's criminal case, he would not be entitled to a writ of mandamus. Our decision in *State ex rel. Woods v. Dinkelacker*, 152 Ohio St.3d 142, 2017-Ohio-9124, 93 N.E.3d 965, is on point. In that case, the petitioner asserted that his judgment of conviction did not comply with Crim.R. 32 and therefore was not a final, appealable order because the trial judge had failed to sign the judgment entry. We explained that "even accepting as true Woods's assertion that the entry was unsigned, res judicata bars him from raising his claim that the entry did not comply with Crim.R. 32. In his petition, Woods acknowledges that

he unsuccessfully raised the same argument in a 2014 motion to correct his sentence. Accordingly, he is barred from seeking the requested mandamus relief." (Citations omitted.) *Id*. at ¶ 7.

{¶ 26} Similarly, here, Daniels previously and unsuccessfully argued in a motion for a final, appealable order that his sentencing entry did not comply with Crim.R. 32. Pursuant to *Woods*, the doctrine of res judicata precludes the issuance of an extraordinary writ in this case.

{¶ 27} For these reasons, I agree with the court's judgment affirming the judgment of the court of appeals.

DeWine, J., concurs in the foregoing opinion.

_____

Dexter J. Daniels, pro se.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, for appellees.

_____