[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Parker v. Russo,* Slip Opinion No. 2019-Ohio-4420.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-4420

THE STATE EX REL. PARKER, APPELLANT, *v.* RUSSO, JUDGE, APPELLEE.

PARKER BEY, APPELLANT, *v.* HARRIS, WARDEN,[1] APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Parker v. Russo,* Slip Opinion No. 2019-Ohio-4420.]

*Mandamus—Habeas corpus—Appellant had adequate remedy at law by way of appeal—Appellant's habeas arguments not cognizable in habeas corpus—Court of appeals' judgments denying writ and dismissing complaint affirmed.*

(Nos. 2019-0032 and 2019-0108—Submitted July 9, 2019—Decided October 30, 2019.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 107686, 2018-Ohio-4903.

APPEAL from the Court of Appeals for Trumbull County, No. 2018-T-0090,

---

1. Brandeshawn Harris is now the warden of the Trumbull Correctional Institution and is automatically substituted as appellee in this case. S.Ct.Prac.R. 4.06(B).

2018-Ohio-5337.

_____

**Per Curiam.**

{¶ 1} These two appeals, which we consolidate for decision, arise out of the same underlying criminal case. In case No. 2019-0032, appellant, Vincent A. Parker, a.k.a. Vincent El Alan Parker Bey, appeals the denial of his requested writ of mandamus. And in case No. 2019-108, he appeals the dismissal of his complaint for a writ of habeas corpus. We affirm both judgments.

## CRIMINAL-CASE BACKGROUND

{¶ 2} In January 2003, Parker pleaded guilty to murder before a three-judge panel. However, the sentencing entry incorrectly stated that Parker had pleaded guilty to *aggravated* murder. Parker appealed on March 3, 2003. On April 30, 2003, while Parker's appeal was pending, the presiding judge, appellee Judge Nancy Russo, journalized a nunc pro tunc sentencing entry to clarify that Parker had pleaded guilty to murder, rather than aggravated murder. In 2004, the court of appeals affirmed Parker's murder conviction and sentence. *State v. Parker*, 8th Dist. Cuyahoga No. 82687, 2004-Ohio-2976.

### Mandamus Case (No. 2019-0032)

#### *Procedural History*

{¶ 3} In September 2018, Parker filed a complaint for a writ of mandamus in the Eighth District Court of Appeals, claiming that the trial court lacked jurisdiction to issue the 2003 nunc pro tunc entry while his direct appeal was pending. He sought an order compelling the trial court to issue a new sentencing entry. In December 2018, the court of appeals granted Judge Russo's motion for summary judgment, holding that Parker's claim was barred by res judicata and that he had an adequate remedy at law. *State ex rel. Parker v. Russo*, 2018-Ohio-4903, ¶ 5. Parker filed a timely appeal.

*Analysis*

**{¶ 4}** To be entitled to a writ of mandamus, Parker was required to show (1) a clear legal right to the requested relief, (2) a clear legal duty on Judge Russo's part to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6.

**{¶ 5}** "Summary judgment is appropriate when an examination of all relevant materials filed in the action reveals that 'there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' " *Smith v. McBride*, 130 Ohio St.3d 51, 2011-Ohio-4674, 955 N.E.2d 954, ¶ 12, quoting Civ.R. 56(C). We review a decision granting summary judgment de novo. *Id.*

**{¶ 6}** On appeal, Parker seeks reversal of the court of appeals' decision granting summary judgment.

*Compliance with Civ.R. 56*

**{¶ 7}** Parker claims that the court of appeals erred in granting summary judgment without giving notice of a non-oral-hearing date and because it relied on evidence that did not comport with Civ.R. 56.

**{¶ 8}** Parker's notice argument fails because he is apparently relying on a former version of Civ.R. 56(C) that required that a motion for summary judgment "be served at least fourteen days before the time fixed for hearing," 86 Ohio St.3d xc, xciii. Civ.R. 56(C) was amended in July 2015 to remove the reference to a hearing. 142 Ohio St.3d ci, cxvi (staff note). The current version of the rule permits the court to grant a summary-judgment motion upon the completion of briefing and does not require the court to hold an oral or non-oral hearing. Accordingly, this argument is not well-taken.

**{¶ 9}** Parker's next argument—that the appeals court relied on improper evidence to grant summary judgment—has merit, but it does not require reversal of

the court of appeals' judgment. In her motion for summary judgment, Judge Russo argued that Parker's arguments were barred by res judicata. In support, she attached time-stamped copies of documents relating to Supreme Court case No. 2018-0147, a prior mandamus action that Parker had filed in this court, including Parker's complaint, the respondent's motion to dismiss, the respondent's notice of judicial action (with exhibits), Parker's memorandum in opposition to the respondent's motion to dismiss, and this court's announcement of the dismissal of the action. Judge Russo did not attach an affidavit authenticating the attachments.

{¶ 10} Because granting summary judgment under Civ.R. 56(C) terminates litigation without a trial on the merits, "[t]he requirements of the rule must be strictly enforced." *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 360, 604 N.E.2d 138 (1992). Civ.R. 56(C) sets forth the types of evidence that may be considered in granting a motion for summary judgment—namely, "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact." When deciding a summary-judgment motion, it is generally error for a court to rely on other types of evidence that has not been authenticated by way of an attached affidavit. *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.*, 72 Ohio St.3d 94, 97, 647 N.E.2d 788 (1995); *Rogoff v. King*, 91 Ohio App.3d 438, 446, 632 N.E.2d 977 (8th Dist.1993) ("The proper procedure for the introduction of evidentiary matter not specifically authorized by Civ.R. 56(C) is to incorporate the material by reference into a properly framed affidavit").

{¶ 11} The only document relating to Supreme Court case No. 2018-0147 that Judge Russo attached to her summary-judgment motion and that is arguably a type of evidence listed in Civ.R. 56(C) is Parker's complaint; it is a "pleading" under Civ.R. 7(A). In that complaint, Parker asserted the same claim that he asserts in this case—that Judge Russo lacked jurisdiction to issue a nunc pro tunc entry after his notice of appeal was filed. But a complaint alone does not prove that

4

Parker's claim is barred, because res judicata requires a final judgment on the merits. *State ex rel. Jackson v. Ambrose*, 151 Ohio St.3d 536, 2017-Ohio-8784, 90 N.E.3d 922, ¶ 13. None of the other documents attached to Judge Russo's summary-judgment motion are incorporated by reference in an affidavit or certified as required by Civ.R. 56(E). "An unauthenticated document, including uncertified court records, may not support a motion for summary judgment." *Trebnick Sys., Inc. v. Chalmers*, 12th Dist. Warren No. CA2012-10-097, 2013-Ohio-2642, ¶ 15; *accord Nicely v. Kline*, 10th Dist. Franklin No. 05AP-825, 2006-Ohio-951, ¶ 21. Therefore, the court of appeals erred when it relied on the evidence attached to Judge Russo's motion to grant summary judgment based on res judicata.

{¶ 12} Parker is not entitled to reversal on this basis, however, because he possessed an adequate remedy at law to correct an entry that he claims does not comply with Crim.R. 32(C). Parker admits that a "trial court has the jurisdiction to correct [its] sentencing entries at any time pursuant to criminal rule 36." Crim.R. 36 states that "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." Parker even lists the ways that he has sought to correct the sentencing entry, including filing motions for clarification, to impose a valid sentence, and to issue a revised journal entry. But he also could have appealed the denials of his various motions to correct the sentencing entry. *See State ex rel. Daniels v. Russo*, 156 Ohio St.3d 143, 2018-Ohio-5194, 123 N.E.3d 1011, ¶ 11-12 (mandamus relief denied because the relator could have appealed the denial of his motion for a new sentencing entry that complies with Crim.R. 32(C)); *State ex rel. Henley v. Langer*, 156 Ohio St.3d 149, 2018-Ohio-5204, 123 N.E.3d 1016, ¶ 6 (same).

*Jurisdiction to issue a nunc pro tunc entry after appeal was filed*

{¶ 13} Parker contends that Judge Russo lacked jurisdiction to issue a nunc pro tunc entry to correct a clerical mistake because Parker had already appealed.

**{¶ 14}** Crim.R. 32(C) requires that a judgment of conviction "set forth the fact of conviction and the sentence." "This court has consistently regarded Crim.R. 32(C) errors as clerical mistakes subject to nunc pro tunc correction." *State ex rel. Snead v. Ferenc*, 138 Ohio St.3d 136, 2014-Ohio-43, 4 N.E.3d 1013, ¶ 10. Here, although Parker pleaded guilty to murder, his initial sentencing entry incorrectly stated that he had been convicted of *aggravated* murder. Parker does not contend that a trial court may not use a nunc pro tunc entry to correct this type of error.

**{¶ 15}** Instead, Parker contends that Judge Russo lacked jurisdiction to correct the clerical mistake because he had already appealed. We need not reach that issue, because Parker had an adequate remedy at law to raise this argument in his direct appeal, in which the court of appeals considered both the original sentencing entry and the nunc pro tunc entry. *See State v. Parker*, 2004-Ohio-2976, ¶ 8, 33.

*Motion regarding certification of the record*

**{¶ 16}** Finally, Parker filed a motion claiming that the county clerk of courts failed to submit a certified copy of the criminal appearance and docket. The record, however, includes a signed certification, an index, and a copy of the docket. Parker's motion is denied.

**Habeas Case (No. 2019-0108)**

***Procedural History***

**{¶ 17}** In October 2018, Parker filed a complaint for a writ of habeas corpus in the Eleventh District Court of Appeals, naming Charmaine Bracy, then warden of the Trumbull Correctional Institution, as the respondent. Parker argued that the three-judge panel lacked subject-matter jurisdiction to accept his guilty plea in 2003 because he never signed a written jury-waiver form. He maintained that he was entitled to immediate release as a result.

**{¶ 18}** The court of appeals granted Warden Bracy's motion to dismiss over Parker's objections, holding that Parker's claims were not cognizable because the

only appropriate remedy for a trial court's failure to require a written waiver of a jury trial under R.C. 2945.05 is direct appeal. *State ex rel. Parker Bey v. Bracy*, 2018-Ohio-5337, ¶ 5. Parker appealed.

## *Analysis*

{¶ 19} To be entitled to a writ of habeas corpus, a petitioner must show that he is being unlawfully restrained of his liberty and that he is entitled to immediate release from prison or confinement. R.C. 2725.01; *State ex rel. Cannon v. Mohr*, 155 Ohio St.3d 213, 2018-Ohio-4184, 120 N.E.3d 776, ¶ 10. "A writ of habeas corpus is generally 'available only when the petitioner's maximum sentence has expired and he is being held unlawfully.' " *Leyman v. Bradshaw*, 146 Ohio St.3d 522, 2016-Ohio-1093, 59 N.E.3d 1236, ¶ 8, quoting *Heddleston v. Mack*, 84 Ohio St.3d 213, 214, 702 N.E.2d 1198 (1998).

{¶ 20} In his habeas complaint, Parker makes two arguments, neither of which is cognizable in habeas corpus. First, he contends that the three-judge panel lacked subject-matter jurisdiction because he did not waive a jury trial in writing in open court as required by R.C. 2945.05. But, a jury-trial waiver claim is not cognizable in habeas corpus. *Kelley v. Wilson*, 103 Ohio St.3d 201, 2004-Ohio-4883, 814 N.E.2d 1222, ¶ 7. "[A]ny failure to comply with R.C. 2945.05 may be remedied only in a direct appeal from a criminal conviction and not by extraordinary writ." *State ex rel. Billings v. Friedland*, 88 Ohio St.3d 237, 238, 724 N.E.2d 1151 (2000).

{¶ 21} Second, Parker argues that Judge Russo incorrectly informed him that he would be permitted to raise a speedy-trial claim on appeal, even after pleading guilty. Parker had an adequate remedy at law to raise this issue in a petition for postconviction relief, a direct appeal, or a motion to withdraw his guilty plea. *E.g.*, *State v. Ricks*, 8th Dist. Cuyahoga No. 86634, 2006-Ohio-4268, ¶ 16-18 (vacating guilty plea when the trial court had mistakenly advised the defendant that his sentence would incorporate his parole violation). And habeas relief is not

available when there is an adequate remedy in the ordinary course of the law. *Billiter v. Banks*, 135 Ohio St.3d 426, 2013-Ohio-1719, 988 N.E.2d 556, ¶ 8. Accordingly, the court of appeals correctly dismissed Parker's habeas complaint.

Judgments affirmed.

O'CONNOR, C.J., and FRENCH, FISCHER, DONNELLY, and STEWART, JJ., concur.

KENNEDY, J., concurring in judgment only in case No. 2019-0032 and concurring in case No. 2019-0108, with an opinion joined by DEWINE, J.

_____

**KENNEDY, J., concurring in judgment only in case No. 2019-0032 and concurring in case No. 2019-0108.**

**{¶ 22}** I join the majority opinion to the extent that it affirms the Eleventh District Court of Appeals' dismissal of the complaint for a writ of habeas corpus filed by appellant, Vincent A. Parker, in case No. 2019-0108. And because the Eighth District Court of Appeals correctly denied Parker a writ of mandamus to compel Judge Nancy Russo to enter a sentence that complies with Crim.R. 32(C) and R.C. 2505.02, I agree with the majority that the Eighth District's judgment in case No. 2019-0032 should be affirmed. I write separately, however, to explain why I do not join the majority's analysis in affirming the Eighth District's judgment.

**{¶ 23}** In 1995, Parker pleaded guilty to aggravated murder and other counts and was sentenced to 23 years to life in prison. The court of appeals vacated his convictions because the indictment had included a death-penalty specification and the trial court had not convened a three-judge panel to accept the plea, and this court affirmed. *State v. Parker*, 95 Ohio St.3d 524, 2002-Ohio-2833, 769 N.E.2d 846. On remand, Parker pleaded guilty to a single count of murder before a three-judge panel in 2003, and he was sentenced to life in prison with the possibility of parole after 15 years. The sentencing entry filed on February 3, 2003, erroneously

indicated that Parker had pleaded guilty to aggravated murder, and after Parker filed his notice of appeal, the trial court issued a corrected sentencing entry on April 30, 2003, indicating that he had pleaded guilty to murder. The court of appeals affirmed his conviction and sentence in a decision stating that Parker pleaded guilty to aggravated murder in 1995 and to murder on remand in 2003. *State v. Parker*, 8th Dist. Cuyahoga No. 82687, 2004-Ohio-2976, ¶ 1, 8. We declined review. 103 Ohio St.3d 1493, 2004-Ohio-5605, 816 N.E.2d 1080.

{¶ 24} According to the affidavit attached to his complaint, Parker has unsuccessfully challenged the validity of his sentence at least five times; the trial court denied his "motion for clarification of journal entry" in 2003, his "motion to impose valid sentence" in 2010, his "motion to issue a revised sentencing entry" in February 2013, his "motion to issue a revised journal entry" in August 2013, and his "motion for speedy trial and notice of availability for sentencing for count of murder" in 2017. Parker swore that Judge Russo had "used the 'purported' entry" from April 30, 2003, to deny him a sentencing entry that complies with Crim.R. 32. And according to the certified copy of the docket from his criminal case, which is attached to Parker's memorandum in opposition to Judge Russo's motion for a summary judgment, his appeals of the first four decisions were dismissed and it is not clear whether he attempted to appeal the fifth decision.

{¶ 25} In September 2018, Parker filed a complaint for a writ of mandamus in the Eighth District Court of Appeals to compel the trial court to issue a new sentencing entry. The court of appeals granted Judge Russo's motion for summary judgment, holding that Parker's claim is barred by res judicata because this court had previously denied him the same relief and that he had an adequate remedy in the ordinary course of the law by way of an appeal of the corrected sentencing entry. *State ex rel. Parker v. Russo*, 2018-Ohio-4903, ¶ 5.

**{¶ 26}** On appeal to this court, the majority holds that the court of appeals erred in denying the writ on the basis of res judicata. Its analysis is faulty in two ways.

**{¶ 27}** First, it concludes that the complaint in a separate mandamus action is "arguably" proper summary-judgment evidence because it is "a 'pleading' " and Civ.R. 56(C) permits a movant for summary judgment to rely on "*the pleadings*, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action" (emphasis added). However, a pleading filed in a separate case is not part of "the pleadings * * * filed in the action"—i.e., the pleadings in the case at bar—and standing alone, it is not proper summary-judgment evidence.

**{¶ 28}** Second, contrary to the majority's conclusion, Judge Russo's failure to authenticate evidence that this court has previously denied Parker the relief he seeks today does not preclude us from holding that Parker's mandamus action is barred by res judicata. Our review of a summary judgment is de novo, *Pelletier v. Campbell*, 153 Ohio St.3d 611, 2018-Ohio-2121, 109 N.E.3d 1210, ¶ 13, and we will not reverse a correct judgment merely because it is based on erroneous reasons, *Salloum v. Falkowski*, 151 Ohio St.3d 531, 2017-Ohio-8722, 90 N.E.3d 918, ¶ 12.

**{¶ 29}** As we explained in *State v. Saxon*, the doctrine of res judicata "serves to preclude a defendant who has had his day in court from seeking a second on that same issue. In so doing, res judicata promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 18. We have therefore held that res judicata bars a claimant from seeking a writ of mandamus to compel the trial court to enter a sentence that complies with Crim.R. 32 when the trial court has previously denied a motion requesting that relief. *State ex rel. Woods v.*

*Dinkelacker*, 152 Ohio St.3d 142, 2017-Ohio-9124, 93 N.E.3d 965, ¶ 7; *State ex rel. Hughes v. Cuyahoga Cty.*, 151 Ohio St.3d 45, 2017-Ohio-7780, 85 N.E.3d 723.

{¶ 30} Here, Parker admits he has attempted to collaterally attack the validity of his sentencing entry numerous times on the basis that it did not comply with Crim.R. 32, and he had the opportunity to appeal the trial court's judgments denying his motions, *State ex rel. Daniels v. Russo*, 156 Ohio St.3d 143, 2018-Ohio-5194, 123 N.E.3d 1011, ¶ 11. That he was unsuccessful does not permit him to perpetually relitigate the validity of his sentencing entry, because res judicata precludes all claims that were or could have been raised in an appeal. *State ex rel. Cowell v. Croce*, 157 Ohio St.3d 103, 2019-Ohio-2844, 131 N.E.3d 934, ¶ 6. Nor is mandamus a substitute for appellate review. *Id.*

{¶ 31} Not only did Parker have an adequate remedy in the ordinary course of law—he also *exercised* it. Having done so, the issue is decided. This is true even though Parker frames his claim as attacking the sentencing court's jurisdiction, because principles of res judicata apply to prevent the endless relitigation of jurisdictional determinations. *State ex rel. Peoples v. Johnson*, 152 Ohio St.3d 418, 2017-Ohio-9140, 97 N.E.3d 426, ¶ 13.

{¶ 32} Because Parker's complaint in this case is barred by res judicata based on his own allegations and averments, there is no reason to consider the remaining merits of the case, including the question whether the trial court had jurisdiction to issue a nunc pro tunc entry to correct a clerical mistake after Parker had appealed.

{¶ 33} Therefore, I concur only in the judgment affirming the judgment of the Eighth District Court of Appeals in case No. 2019-0032.

DEWINE, J., concurs in the foregoing opinion.

_____

Vincent A. Parker, pro se.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, for appellee Judge Russo.

Dave Yost, Attorney General, and Stephanie L. Watson, Assistant Attorney General, for appellee Warden Harris.

_____