[Cite as *State ex rel. Barnette v. Sweeney*, 2022-Ohio-3425.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE EX REL.
LORENZA BARNETTE,

Relator,

v.

MAUREEN SWEENEY, JUDGE,

Respondent.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 22 MA 0040**

---

Writ of Mandamus

**BEFORE:**
David A. D'Apolito, Gene Donofrio, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Dismissed.

---

*Lorenza Barnette*, A620-463, Marion Correctional Institution, P.O. Box 57, Marion, Ohio 43301, Relator, and

*Atty. Paul J. Gains,* Mahoning County Prosecutor, and *Atty. Ralph M. Rivera*, Assistant Chief, Criminal Division, Office of the Mahoning County Prosecutor, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Respondent.

Dated: September 19, 2022

**PER CURIAM.**

{¶1}   Relator Lorenza Barnette commenced this original action with a pro se complaint for a writ of mandamus to compel Respondent Judge Maureen Sweeney to issue a revised sentencing entry that is a final, appealable order in compliance with Crim.R. 32(C), as stated in *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, and later modified by *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142.   Judge Sweeney has moved to dismiss, arguing Barnette had an adequate remedy in the ordinary course of law and the act Barnette seeks to have compelled already has been performed.

{¶2}   On October 1, 2009, a Mahoning County Grand Jury indicted Barnette on two counts of aggravated murder in violation of R.C. 2903.01(A)(F) with death penalty specifications; two counts of aggravated murder in violation of R.C. 2903.01(B)(F) with death penalty specifications; two counts of kidnapping in violation of R.C. 2905.01(A)(2); two counts of aggravated robbery in violation of R.C. 2911.01(A)(3)(c); and arson in violation of R.C. 2909.03(A)(1)(B)(2).   These charges stemmed from the allegations that Barnette, along with his co-defendants, murdered Jaron Roland and Darry Woods while committing or attempting to commit a robbery and left their bodies in a car, which he then set on fire.

{¶3}   The matter proceeded to a trial by jury where the jury convicted Barnette of all four counts of aggravated murder, two counts of kidnapping, and one count of arson. However, the jury found him not guilty on both counts of aggravated robbery.

{¶4}   During mitigation, the jury found that the aggravating circumstances did not outweigh the mitigating factors.   Therefore, they did not recommend the death penalty. For the aggravated murder convictions, the trial court sentenced Barnette to life imprisonment without parole on counts one and three and merged counts two and four with them, respectively. In addition, it sentenced Barnette to ten years on each of the kidnapping counts and 18 months on the arson count.   The court ordered all sentences to be served consecutively to one another.

{¶5}   On direct appeal, this court affirmed Barnette's conviction and sentence. *State v. Barnette*, 7th Dist. Mahoning No. 11 MA 196, 2014-Ohio-5673, *appeal not allowed*, 143 Ohio St.3d 1405, 2015-Ohio-2747, 34 N.E.3d 133.   This court denied

Barnette's application for reopening. *State v. Barnette*, 7th Dist. Mahoning No. 11 MA 196, 2015-Ohio-1280.

**{¶6}** On June 28, 2021, the trial court issued a judgment entry following a limited post-release control notification hearing. In the entry, the court provided Barnette with written notification of the post-release control sanctions attendant to his two convictions for kidnapping. Finally, on March 2, 2022, Barnette filed a motion for a revised sentence which the trial court later overruled on March 18, 2022. It is these decisions, neither of which Barnette appealed, to which he points as giving rise to this original action.

**{¶7}** To be entitled to a writ of mandamus, the relator must demonstrate: (1) they have a clear legal right to the relief, (2) the respondent has a clear legal duty to provide that relief, and (3) they have no adequate remedy at law. *State ex rel. Taxpayers for Westerville Schools v. Franklin Cty. Bd. of Elections*, 133 Ohio St.3d 153, 2012-Ohio-4267, 976 N.E.2d 890, ¶ 12. Mandamus is an "extraordinary remedy." *State ex rel. Manley v. Walsh*, 142 Ohio St.3d 384, 2014-Ohio-4563, 31 N.E.3d 608, ¶ 18. It is a remedy that must be exercised "with great caution and discretion," *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 166, 364 N.E.2d 1 (1977), and only issued when the right is clear. *State ex rel. Brown v. Ashtabula Cty. Bd. of Elections*, 142 Ohio St.3d 370, 2014-Ohio-4022, 31 N.E.3d 596, ¶ 11.

**{¶8}** Barnette relies on the Ohio Supreme Court's decision in *State ex rel. Culgan v. Medina Cty. Court of Common Pleas*, 119 Ohio St.3d 535, 2008-Ohio-4609, 895 N.E.2d 805, in support of his argument that mandamus provides a remedy to challenge the trial court's denial of his motion for a final, appealable order. However, this argument overlooks that Judge Sweeney's denial of the motion is a final, appealable order. *State ex rel. Daniels v. Russo*, 156 Ohio St.3d 143, 2018-Ohio-5194, 123 N.E.3d 1011. In *Daniels*, the Supreme Court considered whether mandamus was available to challenge a trial court's denial of a motion for a new sentencing entry. In concluding that it was not, the Supreme Court recognized that its decision was inconsistent with *Culgan*:

> In *Culgan*, we mistakenly focused on the finality of the underlying judgment
> of conviction and we failed to consider the finality of the entry denying the
> motion for a new sentencing entry; our decision in that case should no
> longer be relied on as authority for the proposition that in such

circumstances, a criminal defendant has a remedy in mandamus or procedendo.

*Daniels* at ¶ 13. *See, also, State ex rel. Henley v. Langer*, 156 Ohio St.3d 149, 2018-Ohio-5204, 123 N.E.3d 1016.

**{¶9}** Because of *Daniels* and *Henley*, Barnette's reliance on *Culgan* is misplaced—he had an adequate remedy through an appeal of the trial court's March 18, 2022 entry overruling his motion for a revised sentence. Because appeal was an adequate remedy, the writ of mandamus is not available.

**{¶10}** Accordingly, upon consideration of Judge Sweeney's motion to dismiss, the court hereby grants the motion, denies the writ, and dismisses this case. Costs are taxed to Barnette.

**{¶11}** The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. Civ.R. 58.