[Cite as *State ex rel. Alexander v. Jones*, 2020-Ohio-253.]

STATE OF OHIO         )              IN THE COURT OF APPEALS
                         )ss:          NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

STATE EX REL. WILLIAM
ALEXANDER

        Relator

        v.

JUDGE AMY CORRIGALL JONES

        Respondent

C.A. No.     29561

ORIGINAL ACTION IN
MANDAMUS

Dated: January 29, 2020

PER CURIAM.

{¶1}   William Alexander has petitioned this Court for a writ of mandamus to order Respondent, Judge Amy Corrigall Jones, to resentence him. Judge Jones has moved to dismiss. Mr. Alexander responded in opposition to the motion to dismiss. For the following reasons, this Court grants the motion to dismiss.

{¶2}   "For a writ of mandamus to issue, a relator must demonstrate that (1) the relator has a clear legal right to the relief prayed for, (2) respondent is under a corresponding clear legal duty to perform the requested acts, and (3) relator has no plain and adequate legal remedy." *State ex rel. Serv. Emp. Internatl. Union, Dist. 925 v. State Emp. Relations Bd.*, 81 Ohio St.3d 173, 176 (1998). The petitioner must demonstrate all three elements in order for this Court to grant the writ of mandamus. "A court can dismiss a mandamus action under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted if, after all factual allegations of the complaint are presumed true and all

reasonable inferences are made in relator's favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested writ of mandamus." *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, ¶ 9.

{¶3} We first consider the facts Mr. Alexander alleged in his complaint. The facts are presumed true, with reasonable inferences made in his favor, as the first step in deciding the motion to dismiss.

{¶4} In 2004, Mr. Alexander was tried on charges of aggravated murder, attempted murder, and having weapons while under disability. The trial court instructed the jury on murder, as a lesser included offense of aggravated murder, and felonious assault, as a lesser-included offense of attempted murder. The jury found Mr. Alexander guilty of murder, felonious assault, and having weapons under disability. The trial court sentenced Mr. Alexander to 15 years to life for murder, 8 years for felonious assault (plus 3 years for a firearm specification), and merged having weapons under disability with felonious assault. This Court affirmed Mr. Alexander's conviction. *State v. Alexander*, 9th Dist. Summit No. 22295, 2005-Ohio-2393.

{¶5} A dozen years later, Mr. Alexander filed a "Motion to Vacate Void Judgment" in the trial court. He alleged that the trial court's sentence was void because felonious assault is not a lesser included offense of attempted murder. The trial court granted his motion and vacated the convictions for felonious assault, with the firearm specification, and having weapons under disability.

{¶6} A year later, Mr. Alexander filed another motion with the trial court. This time, he asked the trial court to resentence him to issue a final, appealable order. The trial court denied his motion in September 2019.

{¶7} Mr. Alexander's complaint alleges that he is entitled to a writ of mandamus to direct Judge Jones to resentence him to issue a new sentencing entry. He alleges that there is no final sentencing order in his case and that Judge Jones has a clear legal duty to enter a final, appealable, order.

{¶8} Mr. Alexander sets forth a number of arguments in his complaint, including that this Court's decision in *State v. Goodwin*, 9th Dist. Summit No. 23337, 2007-Ohio-2343, mandates resentencing, and that the Supreme Court's decision in *State ex rel. Culgan v. Medina Cty. Court of Common Pleas*, 119 Ohio St.3d 535, 2008-Ohio-4609, supports his request for mandamus relief. Judge Jones moved to dismiss, arguing that Mr. Alexander was not entitled to the writ of mandamus.

{¶9} We need not reach Mr. Alexander's specific arguments because, as Judge Jones noted, he has not demonstrated that he is entitled to a writ of mandamus. Specifically, appeal served as an adequate remedy to challenge Judge Jones' decision. With respect to alleged legal errors, it is well-established that mandamus cannot be used as a substitute for appeal to challenge a trial court's actions. *State ex rel. Richfield v. Laria*, 138 Ohio St.3d 168, 2014-Ohio-243, ¶ 11. Appeal from an adverse judgment constitutes an adequate remedy in the ordinary course of law. *State ex rel. Caskey v. Gano*, 135 Ohio St.3d 175, 2013-Ohio-71, ¶ 5.

{¶10} Mr. Alexander relied upon *Culgan* to establish that mandamus provided a remedy to challenge the trial court's denial of his motion for a final, appealable, order. As Judge Jones argued, however, her order was itself a final, appealable, order. The Supreme Court recently considered whether mandamus was available to challenge a trial court's denial of a motion for a new sentencing entry. In concluding that it was not, the Supreme Court recognized that its decision was inconsistent with *Culgan*:

> In *Culgan*, we mistakenly focused on the finality of the underlying judgment of conviction and we failed to consider the finality of the entry denying the motion for a new sentencing entry; our decision in that case should no longer be relied on as authority for the proposition that in such circumstances, a criminal defendant has a remedy in mandamus or procedendo.

*State ex rel. Daniels v. Russo*, 156 Ohio St.3d 143, 2018-Ohio-5194, ¶ 13. *See, also, State ex rel. Henley v. Langer*, 156 Ohio St.3d 149, 2018-Ohio-5204.

{¶11} In light of *Daniels* and *Henley*, we conclude that Mr. Alexander had an adequate remedy through appeal. Mr. Alexander could have appealed from the trial court's order that denied his motion to be resentenced. Because appeal was an adequate remedy, the writ of mandamus is not available.

{¶12} For the foregoing reasons, the motion to dismiss is granted, and this case is dismissed. Costs are taxed to Mr. Alexander. The clerk of courts is hereby directed to

serve upon all parties not in default notice of this judgment and its date of entry upon the

journal.  *See* Civ.R. 58.

_____
THOMAS A. TEODOSIO
FOR THE COURT


CARR, J.
HENSAL, J.
CONCUR.

APPEARANCES:

WILLIAM ALEXANDER, Pro se, Relator.

SHERRI BEVAN WALSH, Prosecuting Attorney, and COLLEEN SIMS, Assistant Prosecuting Attorney, for Respondent.