[Cite as *State ex rel. Buxton v. Collier*, 2020-Ohio-2670.]

STATE OF OHIO         )              IN THE COURT OF APPEALS
                     )ss:          NINTH JUDICIAL DISTRICT
COUNTY OF MEDINA    )

STATE EX REL. DENNY R. BUXTON

    Relator                      C.A. No.      19CA0089-M

    v.

MEDINA COUNTY COURT OF         ORIGINAL ACTION IN
COMMON PLEAS JUDGE             MANDAMUS
CHRISTOPHER J. COLLIER

    Respondent

Dated: April 27, 2020

PER CURIAM.

{¶1} Denny Buxton has petitioned this Court for a writ of mandamus to order Respondent, Judge Christopher Collier, to resentence him. Judge Collier has moved to dismiss and Mr. Buxton responded in opposition to the motion to dismiss. For the following reasons, this Court grants the motion to dismiss.

{¶2} "For a writ of mandamus to issue, a relator must demonstrate that (1) the relator has a clear legal right to the relief prayed for, (2) respondent is under a corresponding clear legal duty to perform the requested acts, and (3) relator has no plain and adequate legal remedy." *State ex rel. Serv. Emp. Internatl. Union, Dist. 925 v. State Emp. Relations Bd.*, 81 Ohio St.3d 173, 176 (1998). The relator must demonstrate all three elements in order for this Court to grant the writ of mandamus. "A court can dismiss a mandamus action under Civ.R. 12(B)(6) for failure to state a claim upon which relief

can be granted if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in relator's favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested writ of mandamus." *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, ¶ 9.

{¶3} The facts Mr. Buxton alleged in his complaint are presumed true, with reasonable inferences made in his favor, as the first step in deciding the motion to dismiss.

{¶4} In 1991, Mr. Buxton was sentenced to an indeterminate 3-to-15 year sentence. According to Mr. Buxton, the judgment of conviction does not include the fact of his conviction, as required by Crim.R. 32(C) for a final, appealable, order. *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204. In 2019, Mr. Buxton moved for resentencing, which the trial court denied. Mr. Buxton concludes that the trial court has failed to enter a judgment of conviction, citing to *State ex rel. Culgan v. Medina Cty. Court of Common Pleas*, 119 Ohio St.3d 535, 2008-Ohio-4609.

{¶5} Mr. Buxton's complaint alleges that he is entitled to a writ of mandamus to direct Judge Collier to resentence him to issue a new sentencing entry. He alleges that there is no final sentencing order in his case and that Judge Collier has a clear legal duty to enter a final, appealable, order.

{¶6} Mr. Buxton argued that the Supreme Court's decision in *Culgan*, 119 Ohio St.3d 535, 2008-Ohio-4609, supports his request for mandamus relief. Judge Collier moved to dismiss, arguing that Mr. Buxton was not entitled to the writ of mandamus.

{¶7} Mr. Buxton has not demonstrated that he is entitled to a writ of mandamus. Specifically, appeal served as an adequate remedy to challenge Judge Collier's decision.

With respect to alleged legal errors, it is well-established that mandamus cannot be used as a substitute for appeal to challenge a trial court's actions. *State ex rel. Richfield v. Laria*, 138 Ohio St.3d 168, 2014-Ohio-243, ¶ 11. Appeal from an adverse judgment constitutes an adequate remedy in the ordinary course of law. *State ex rel. Caskey v. Gano*, 135 Ohio St.3d 175, 2013-Ohio-71, ¶ 5.

{¶8} Mr. Buxton relied upon *Culgan*, and several other Ohio Supreme Court cases, to establish that mandamus provided a remedy to challenge the trial court's denial of his motion for a final, appealable, order. We recently rejected this same argument. *State ex rel. Alexander v. Jones*, 9th Dist. Summit No. 29561, 2020-Ohio-253. As in *Alexander*, Judge Collier's order was itself a final, appealable, order.

{¶9} The Ohio Supreme Court recently considered whether mandamus was available to challenge a trial court's denial of a motion for a new sentencing entry. In concluding that it was not, the Supreme Court recognized that its decision was inconsistent with *Culgan*:

> In *Culgan*, we mistakenly focused on the finality of the underlying judgment of conviction and we failed to consider the finality of the entry denying the motion for a new sentencing entry; our decision in that case should no longer be relied on as authority for the proposition that in such circumstances, a criminal defendant has a remedy in mandamus or procedendo.

*State ex rel. Daniels v. Russo*, 156 Ohio St.3d 143, 2018-Ohio-5194, ¶ 13. *See, also, State ex rel. Henley v. Langer*, 156 Ohio St.3d 149, 2018-Ohio-5204.

{¶10} In light of *Daniels* and *Henley*, we conclude that Mr. Buxton had an adequate remedy through appeal. Mr. Buxton could have appealed from the trial court's

order that denied his motion to be resentenced. Because appeal was an adequate remedy, the writ of mandamus is not available.

{¶11} For the foregoing reasons, the motion to dismiss is granted, and this case is dismissed. Costs are taxed to Mr. Buxton. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58.

_____
THOMAS A. TEODOSIO
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.

APPEARANCES:

DENNY R. BUXTON, Pro se, Relator.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Respondent.